CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
MICHAEL J. DAILEY (SBN: 301394)
mdailey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 270-7856
Facsimile: (213) 680-4470

Attorney for Defendant
PRAGER UNIVERSITY FOUNDATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA CHANDRA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRAGER UNIVERSITY FOUNDATION,<br><br>Defendant. | Case No.: 2:25-CV-3984-MCS-SK<br><br>**DEFENDANT PRAGER UNIVERSITY FOUNDATION'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: September 8, 2025<br>Time: 9:00 a.m.<br>Courtroom: 7C<br>Judge: Hon. Mark Scarsi<br><br>Complaint filed: May 5, 2025 |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on September 8, 2025, at 9:00 a.m. or as soon thereafter as this matter may be heard in Courtroom 7C of the above titled Court, located at First Street Courthouse, 350 W. 1st Street, 7th Floor, Los Angeles, California 90012, Defendant Prager University Foundation will and hereby does respectfully move this Honorable Court for an order granting its Motion to Dismiss Plaintiff's Complaint (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, Defendant's Motion for a More Definite Statement (the "Motion"). This Motion is made on the grounds that Plaintiff does not have standing to assert her claims and has not sufficiently alleged facts to state a claim. it is therefore proper for the Court to dismiss Plaintiff's Complaint, or in the alternative, order Plaintiff to provide a more definite statement pursuant to Rule 12(e).

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the Proposed Order, filed and/or lodged concurrently herewith, all pleadings and documents on file in this matter, and on such other and future evidence or argument as may be presented at or before the hearing on this matter.

**CERTIFICATE OF CONFERENCE**

This Motion is made following the conference of counsel for Plaintiff and prior counsel for Defendant at Venable LLP, pursuant to Local Rule 7-3.

Respectfully submitted,

Dated: July 30, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Craig J. Mariam*
Craig J. Mariam
Michael J. Dailey
*Attorneys for Defendant*
*Prager University Foundation*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................7

II. FACTUAL BACKGROUND ...............................................................................7

    A. Plaintiff's Allegations ................................................................................7

III. STANDARD .........................................................................................................8

IV. ARGUMENT ......................................................................................................10

    A. Plaintiff fails to allege sufficient facts to support a VPPA claim. .......10

        1. Plaintiff fails to plausibly allege that she is a "consumer" so as to establish standing to sue under the VPPA. ...................11

        2. Plaintiff fails to plausibly allege that Prager disclosed "personally identifiable information." ......................................13

        3. An ordinary person could not identify Plaintiff's specific viewing behavior. .....................................................................15

    B. Alternatively, Plaintiff must make a more definite statement of her claim. ..................................................................................................17

V. CONCLUSION ..................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 9

*Austin-Spearman v. AMC Network Ent. LLC*,
  98 F. Supp. 3d 662 (S.D.N.Y. 2015) ........................................................... 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007), 127 S.Ct. (2007) ......................................................... 9

*Boschetto v. Hansing*,
  539 F.3d 1101 (9th Cir. 2008) ...................................................................... 8

*Brown v. Learfield Communications, LLC*,
  713 F.Supp.3d 355 (W.D. Tex. 2024) ......................................................... 12

*Cantu v. Tapestry, Inc.*,
  2023 WL 4440662 (S.D. Cal. July 10, 2023) ............................................... 9

*Carter v. Scripps Networks, LLC*,
  670 F. Supp. 3d 90 (S.D.N.Y. Apr. 24, 2023) ............................................ 11

*Eichenberger v. ESPN, Inc.*,
  876 F.3d 979 (9th Cir. 2017) ................................................................ 15, 16

*Ellis v. Cartoon Network, Inc.*,
  803 F.3d 1251 (11th Cir. 2015) ...................................................... 11, 13, 17

*Golden v. NBCUniversal Media, LLC*,
  688 F.Supp.3d 150 (S.D.N.Y. 2023) ........................................................... 12

*In re Hulu Priv. Litig.*,
  2014 WL 1724344 (N.D. Cal. Apr. 28, 2014) ........................... 11, 14, 17

*In re Hulu Priv. Litig.*,
  86 F.Supp.3d 1090 (N.D. Cal. 2015) .......................................................... 14

*Jefferson v. Healthline Media, Inc.*,
  674 F.Supp.3d 760 (N.D. Cal. May 24, 2023) ........................................... 11

*Martin v. Meredith Corp.*,
  2023 WL 2118074 (S.D.N.Y. Feb. 17, 2023) ............................................. 17

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) ................................................................................ 8

*Mollett v. Netflix, Inc.*,
    795 F.3d 1062 (9th Cir. 2015) .............................................................................. 10

*In re Nickelodeon Consumer Privacy Litigation*,
    827 F.3d 262 (3d Cir. 2016) ........................................................................... 15, 17

*Perry v. Cable News Networks, Inc.*,
    2016 WL 4373708 (N.D. Ga. Apr. 20, 2016), aff'd, 854 F.3d 1336
    (11th Cir. 2017) ................................................................................................... 13

*Rajkumar v. Cisco Systems*,
    2008 WL3397851 (N.D. Cal. Aug. 11, 2008) ................................................ 10, 18

*Salazar v. National Basketball Association*,
    685 F. Supp. 3d (S.D.N.Y. 2023) ......................................................................... 12

*Salazar v. Paramount Global d/b/a 247Sports*,
    683 F.Supp.3d 727 (M.D. Tenn. 2023) ................................................................ 12

*Stark v. Patreon, Inc.*,
    2022 WL 7652166 (N.D. Cal. Oct. 13, 2022) ........................................................ 9

*Tawam v. Feld Ent., Inc.*,
    684 F.Supp.3d 1056 (S.D. Cal. July 28, 2023) .................................................... 11

*In re Vizio, Inc.*,
    238 F.Supp.3d (C.D. Cal. 2017) .......................................................................... 14

**Statutes**

18 U.S.C. § 2710(a)(1) ............................................................................................ 10, 11

18 U.S.C. § 2710(a)(3) .................................................................................................. 13

18 U.S.C. § 2710(a)(4) .................................................................................................. 10

18 U.S.C. § 2710(b)(1) .................................................................................................. 10

**Rules**

Fed. R. Civ. P. 12(b)(1) .............................................................................................. 7, 9

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 7

Fed. R. Civ. P. 12(e) ........................................................................................... 7, 9, 17

**Other Authorities**

S. Rep. No. 100-599, at 1 (1988) ............................................................................. 10

# MEMORANDUM AND POINTS OF AUTHORITIES

## I. INTRODUCTION

Plaintiff Sylvia Chandra's Video Privacy Protection Act ("VPPA") claim against Prager University Foundation ("Prager") fails because she has not alleged—and cannot allege—that she has standing to bring a private right of action under the VPPA as required by Rule 12(b)(1), or that Prager breached the VPPA by disclosing her personally identifiable information to a third party.

First, the Court must dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) because Plaintiff has not plausibly alleged that she is a "consumer" as defined by the VPPA, under which a consumer is defined as only those who are a "renter, purchaser, or subscriber of goods or services from a video tape service provider" have standing to bring a claim under the Act.

Second, Rule 12(b)(6) compels dismissal because Plaintiff has not plausibly alleged that Prager disclosed her "personally identifiable information" to a third-party within the meaning of the VPPA, such that she cannot show that Prager breached the VPPA with respect to her.

Under these circumstances, Prager respectfully suggests that Plaintiff's claims must be dismissed with prejudice for failure to state a claim upon which relief may be granted. Alternatively, if the Court is inclined to permit Plaintiff to amend her claims—though Prager denies Plaintiff can plausibly amend—then Prager respectfully moves for a more definite statement of Plaintiff's claims under Rule 12(e) with the particularity required under the federal pleadings standard and the VPPA.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Allegations

Plaintiff (incorrectly) alleges she "created an account with Defendant, by providing Defendant her email address and first and last name, and watched a

-7-
MOTION TO DISMISS                              CASE NO. 2:25-CV-3984-MCS-SK

prerecorded video on Defendant's Website." (Complaint at ¶ 6). She further alleges that she maintained and used her Facebook account "from the same browser [she] used to watch a prerecorded video from Defendant's website." (Complaint at ¶ 7). She then (incorrectly) asserts that Prager "caused Plaintiff Sylvia Chandra's video viewing history to be sent along with Plaintiff's personally identifiable information ("PII") to Facebook and upon information and belief, other third parties, without Plaintiff's knowledge or consent each time Plaintiff requested and prerecorded viewed video content through the Website." (Complaint at ¶ 8).

But these conclusory allegations constitute the sum total of Plaintiff's allegations of her standing and Prager's breach. Plaintiff fails to identify what video she may have watched on Prager's website, if any. She does not allege she rented, purchased, or subscribed to any video on Prager's website. (*Id.*). In short, while Plaintiff alleges that Prager caused her PII to be sent to Facebook and others, she fails to identify what video(s) she watched and what PII, if any, Prager shared with Facebook or anyone else. (*Id.*) She likewise does not explain how any ordinary person can tie information published by Prager to her. (*Id.*).

These pleading defects are fatal to Plaintiff's claims. And while Prager cannot offer extrinsic evidence in support of this motion, it respectfully submits that the facts preclude Plaintiff from plausibly re-pleading her claims in a manner sufficient to meet the required standard. Accordingly, Prager respectfully urges the Court to dismiss Plaintiff's Complaint with prejudice.

## III.  STANDARD

Plaintiff bears the burden to establish personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1101, 1015 (9th Cir. 2008). Plaintiff must make a 'prima facie showing of jurisdictional facts" to withstand a motion to dismiss. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014).  Plaintiff's failure to do so

-8-
MOTION TO DISMISS                                    CASE NO. 2:25-CV-3984-MCS-SK

warrants dismissal of her complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Furthermore, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must be dismissed if Plaintiff either fails to state a claim or has not alleged sufficient facts to support a claim. *Id*. at 562-63. A complaint that offers "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining a complaint's adequacy, a court must disregard conclusory allegations and legal conclusions, which are not entitled to the assumption of the truth, and determine whether the remaining "well-pleaded factual allegations" suggest that the plaintiff has a plausible—as opposed to merely conceivable—claim for relief. *Id*. at 679. A claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. (2007)).

In VPPA actions, courts have recognized that a complaint will not suffice if it "tenders naked assertion[s] devoid of further factual enhancement." *Stark v. Patreon, Inc.*, 2022 WL 7652166, at *4 (N.D. Cal. Oct. 13, 2022) (citing *Iqbal* and *Twombly*); see also *Cantu v. Tapestry, Inc.*, 2023 WL 4440662, *8 (S.D. Cal. July 10, 2023) ("The VPPA's standard is a higher bar, which Plaintiff's allegations fail to reach.").

Moreover, under Rule 12(e), a party may move for a more definite statement when the operative pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). When a party seeks a more definite statement, it "must point out the defects complained of and the details desired." *Id*. And when a plaintiff's complaint fails to allege the specific act or

-9-
MOTION TO DISMISS    CASE NO. 2:25-CV-3984-MCS-SK

omission the defendant took with respect to the plaintiff so as to give rise to liability, a more definite statement is required. *See, e.g., Rajkumar v. Cisco Systems*, 2008 WL3397851 at *3 (N.D. Cal. Aug. 11, 2008) (more definite statement is required where the plaintiff's complaint does not identify what specific act the defendant took).

## IV.   ARGUMENT

### A.   Plaintiff fails to allege sufficient facts to support a VPPA claim.

Congress enacted the VPPA in 1988 to "preserve personal privacy with respect to the rental, purchase or delivery of video tapes or similar audio visual materials." S. Rep. 100-599 at 1 (1988); see also *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015) ("The VPPA was enacted in 1988 in response to the Washington City Paper's publication of then-Supreme Court nominee Robert Bork's video rental history."). The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally identifiable information" about one of its consumers "to any person."

A "video tape service provider" is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4). And a "consumer," within the meaning of the VPPA, is "any renter, purchaser, or subscriber of goods or services from a video tape service provider." *Id.* § 2710(a)(1).

To plead a plausible claim under section 2710(b)(1), "a plaintiff must allege that (1) a defendant is a 'video tape service provider,' (2) the defendant disclosed 'personally identifiable information concerning any customer' to 'any person,' (3) the disclosure was made knowingly, and (4) the disclosure was not authorized by section 2710(b)(2)." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015);

*see also In re Hulu Priv. Litig.*, 2014 WL 1724344, at *7 (N.D. Cal. Apr. 28, 2014) (*Hulu II*).

Here, Plaintiff has failed to plausibly allege facts to support these elements for the following reasons:

### 1. Plaintiff fails to plausibly allege that she is a "consumer" so as to establish standing to sue under the VPPA.

The VPPA only applies to "consumers" defined as "any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1); *see also Carter v. Scripps Networks, LLC*, 670 F. Supp. 3d 90, 98 (S.D.N.Y. Apr. 24, 2023) ("In the statute's full context, a reasonable reader would understand the definition of 'consumer' to apply to a renter, purchaser or subscriber of audio-visual goods or services, and not goods or services writ large.").

To plausibly allege she is a subscriber under the VPPA, a plaintiff must allege there is an "ongoing commitment or relationship between the user" and the defendant. *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1257 (11th Cir. 2015) (holding that a plaintiff who downloaded an app for free and used it to watch free video clips is not a "subscriber" under the VPPA).

Numerous courts have dismissed claims wherein the plaintiff fails to allege more than the fact that he or she entered a email address, viewed videos, and that information was shared with Facebook. *Ellis*, 803 F.3d at 1252 ("A person who downloads and uses a free mobile application on his smartphone to view freely available content, without more, is not a 'subscriber' ... under the VPPA."); *Jefferson v. Healthline Media, Inc.*, 674 F.Supp.3d 760, 761-62 (N.D. Cal. May 24, 2023) (dismissing VPPA claim where plaintiff alleged that she gave defendant her name and email address to subscribe to its email list, but "no information [was] provided about th[at] list"); *Tawam v. Feld Ent., Inc.*, 684 F.Supp.3d 1056 (S.D.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Cal. July 28, 2023) (holding that the plaintiffs were not subscribers because they "signed up for an email mailing list provided by defendant and separately viewed videos on defendant's website"); *Austin-Spearman v. AMC Network Ent. LLC*, 98 F. Supp. 3d 662, 670 (S.D.N.Y. 2015) (to be subscriber under the VPPA there must be a "deliberate and durable affiliation with the provider" and viewing videos on a website is not sufficient); *Golden v. NBCUniversal Media, LLC*, 688 F.Supp.3d 150, 165 (S.D.N.Y. 2023) (allegations that the plaintiff downloaded Today.com's free mobile app to view video content and accessed content via Today.com's website without any further indicia of a subscriber relationship sufficient to establish an ongoing "durable" relationship to qualify as a subscriber under the VPPA); *Salazar v. National Basketball Association*, 685 F. Supp. 3d (S.D.N.Y. 2023) (allegations that user clicked and watched videos on NBA.com and then NBA.com sends the content name of the video the digital subscriber watched, the URL, and the digital subscriber's FID to Facebook was insufficient to state a claim under the VPPA despite fact that Plaintiff alleged he had a digital subscription to NBA.com).

     Here, Plaintiff does not allege that she is a subscriber—nor is she, in fact, a subscriber. Instead, she merely signed up for Prager's email distribution list (without creating an account), which in itself is insufficient to establish subscriber status under the VPPA. *See, e.g. Brown v. Learfield Communications, LLC*, 713 F.Supp.3d 355, 367 (W.D. Tex. 2024) (plaintiff who subscribed to a free newsletter, and did not allege a login was required to access videos, was not a subscriber under the VPPA); *see also Salazar v. Paramount Global d/b/a 247Sports*, 683 F.Supp.3d 727, 742 (M.D. Tenn. 2023). And, Plaintiff did not open an account with Prager, which she would have been required to do before any video viewing history were known (by anybody), which *still* would not provide for a viable action because, if plaintiff were allowed to file an amended pleading, it

would by default constitute a sham pleading were plaintiff to allege an account creation, in addition to the actual fact that no video viewing history is transmitted to *any third party*.

Perhaps because of this, Plaintiff only generally (and incorrectly) alleges that she "created an account with Defendant, *by providing Defendant her email address and first and last name*, and watched a prerecorded video on Defendant's Website". (Complaint at ¶ 6) (emphasis added). But this is not enough to allege consumer standing under the VPPA. *See Ellis*, 803 F.3d at 1256 (a subscription under the VPPA requires "some type of commitment, relationship, or association (financial or otherwise) between a person and an entity."; see also *Perry v. Cable News Networks, Inc.*, 2016 WL 4373708, at *3 (N.D. Ga. Apr. 20, 2016), aff'd, 854 F.3d 1336 (11th Cir. 2017) ("Plaintiff has not alleged he did anything other than watch video clips on the CNN App, which he downloaded onto his iPhone for free. Further, there is no indication that he had an ongoing commitment or relationship with Defendants, such that he could not simply delete the CNN App without consequences.").

Accordingly, Plaintiff has failed to plausibly allege that she has standing to bring a private right of action as a "consumer" under the VPPA, and her claims fail for that reason alone.

**2.     Plaintiff fails to plausibly allege that Prager disclosed "personally identifiable information."**

Plaintiff has also failed to plausibly allege that Prager disclosed her "personally identifiable information" ("PII") within the meaning of the VPPA. The VPPA defines PII as "includ[ing] information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710 (a)(3). Accordingly, to allege a disclosure of PII within the meaning of the VPPA, a plaintiff must allege that the defendant

-13-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

disclosed to a third party: "1) a consumer's identity; 2) the identity of the "specific video materials'; and 3) the fact that the person identified 'requested or obtained' that material." *In re Hulu Priv. Litig.*, 86 F.Supp.3d 1090, 1095 (N.D. Cal. 2015) (*Hulu III*). However, the "statutory structure [of the VPPA] confirms that Congress intended 'personally identifiable information' to encompass more than a person's name and physical address." *In re Vizio, Inc.*, 238 F.Supp.3d 1204, 1224 (C.D. Cal. 2017).

Therefore, in order to state a claim, a plaintiff must be able to allege that disclosures enable an ordinary person to readily identify that a particular individual has watched or requested to watch a specific video. "The point of the VPPA, after all, is not so much to ban the disclosure of user or video data; it is to ban the disclosure of information connecting a certain user to certain videos." *Hulu III*, 86 F.Supp.3d at 1095; see also *Hulu II*, 2014 WL 1724344, at *6. Plaintiff's vague allegations are that she viewed a prerecorded video on the same browser she uses to log into Facebook and Defendant sent her PII to Facebook. (Compl., ¶¶ 7-9).

Here, while Plaintiff generally—but incorrectly—alleges that Prager sent her "video viewing history … along with Plaintiff's personally identifiable information" to Facebook, she does not describe the specific information she claims Prager sent, or allege that Facebook identified any of Plaintiff's purchases or activities with Prager. (Complaint at ¶ 8). Instead, Plaintiff explains that her Facebook profile "publicly disclosed certain information about her including her name, picture, familial relationships, etc.", then vaguely alleges generalized facts that are not specific to her. (*Id*. at ¶¶ 7, 15-31). For example, she alleges that "[a]ny ordinary person who comes into possession of a Facebook ID can easily use that information to identify a particular individual and their corresponding Facebook profile, which contains additional information such as the user's name, gender, birthday, place of residence, career, educational history, a multitude of photos, and

-14-

the content of a Facebook user's posts. This information may reveal even more sensitive personal information—for instance, posted photos may disclose the identity of family members, and written posts may disclose religious preferences, political affiliations, personal interests, and more." (*Id*. at ¶ 25). But, critically, Plaintiff never alleges Prager did this *to her*.

### 3. An ordinary person could not identify Plaintiff's specific viewing behavior.

And because Plaintiff never identifies the specific PII she claims Prager disclosed, she cannot plausibly allege actionable disclosure of PII, because none of her allegations are sufficient to establish that an "ordinary person" could identify Plaintiff based on any disclosures by Prager. The Ninth Circuit has adopted an "ordinary person" test for PII that was previously set forth in *In re Nickelodeon Consumer Privacy Litigation*, 827 F.3d 262 (3d Cir. 2016). *See Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017). Under this test, only disclosures that enable an ordinary person to readily identify that a particular individual has watched a specific video are actionable under the VPPA. *Id*. at 985.

The *Eichenberger* case is instructive. There, the Ninth Circuit considered the lower court's dismissal of VPPA claims where the plaintiff alleged that an ESPN channel he downloaded to his Roku digital streaming device surreptitiously sent his PII to a third party, Adobe. Specifically, the plaintiff alleged that ESPN disclosed to Adobe the names of videos he watched on the ESPN channel along with his Roku device's serial number. The Court noted that this information was insufficient to enable an ordinary person to connect the plaintiff with his video viewing history without the use of additional information that only Adobe possessed. Accordingly, the Court held that Plaintiff had not plausibly alleged that ESPN disclosed his PII, and affirmed the dismissal. *Id*. at 986.

Here, as in *Eichenberger*, Plaintiff fails to explain how an ordinary person could connect her Facebook ID with her video viewing history, such that disclosure of both amounts to disclosure of her PII under the VPPA. She makes no specific allegations at all to identify what videos she watched, what PII was provided to a third-party, or how an ordinary person would be able combine these data points to identify her.

Instead, she makes incorrect, conclusory allegations that Prager "caused Plaintiff Sylvia Chandra's video viewing history to be sent along with Plaintiff's personally identifiable information ("PII") to Facebook and upon information and belief, other third parties, without Plaintiff's knowledge or consent". (Complaint at ¶ 8). She further alleges that "[t]he information Facebook receives from Defendant identifies customers based on their unique and persistent Facebook IDs ("FID"), which is sent to Facebook as one data point alongside the title of the audio visual material the specific customer requested or purchased." (Id. at ¶ 23). But just as in *Eichenberger*, these two pieces of information are useless to an ordinary person without the aid of additional data that only Facebook possesses.

Moreover, Plaintiff's allegations of what *could* be disclosed are just that—speculation and hypotheticals of what could possibly be disclosed, but no information on what actually was disclosed. *See, e.g.,* Id. at ¶ 25 (discussing the contents of a typical Facebook user's profile, but not Plaintiff's Facebook profile). Conclusory and hypothetical allegations of what *could* happen are not sufficient to sustain a VPPA claim.

Rather, courts in the Ninth Circuit have been clear that, without more information in order to be able to identify a particular plaintiff, this type of information is insufficient to sustain a VPPA claim under the ordinary person analysis. *See Eichenberger*, 876 F.3d at 986 ("We conclude that an ordinary person could not use the information that Defendant allegedly disclosed to identify an

-16-

individual. Plaintiff has therefore failed to state a claim under Rule 12(b)(6)."); *Nickelodeon*, 827 F.3d at 283-84 (affirming dismissal of VPPA claim and finding that IP addresses or static digital identifiers of the sort that can only, "in theory, be combined with other information to identify a person do not count as" PII); *Hulu II*, 2014 WL 1724344, at *11-12 (the title of a video along with a variety of static identifiers such as unique identification number is not PII); *Ellis*, 803 F.3d at 1254-55 (an Android ID paired with viewing history is not PII because they do not link an actual person to actual video materials).

In *Martin v. Meredith Corp.*, 2023 WL 2118074, at *3 (S.D.N.Y. Feb. 17, 2023), the court found that the plaintiff failed to state a claim under the VPPA because his complaint "[left] off essential information for a VPPA claim, including at least … the name of the 'specific video materials' on the page [and] whether the website visitor 'requested or obtained' any videos at all, or merely read an article on the webpage." Similarly, Plaintiff's vague and conclusory allegations that she created an account on Prager's website, then watched a video, and that Prager identified her to Facebook through her Facebook ID and video viewing history, is not sufficient to state a VPPA claim.

### B. Alternatively, Plaintiff must make a more definite statement of her claim.

Prager respectfully submits that Plaintiff has not, and cannot under the facts of this this case, plausibly stated a VPPA against it. Nonetheless, to the extent the Court may be inclined to permit Plaintiff to replead, then Prager respectfully urges the Court to grant Prager's motion in the alternative for a more definite statement under Rule 12(e). As shown above, Plaintiff has not alleged sufficient detail about her relationship with Prager or about what PII of hers, if any, she claims Prager disclosed to a third party. Without this information, Prager cannot frame a response

to Plaintiff's complaint, because it has no idea what act or omission of Prager's Plaintiff alleges caused her damages—if any.

Accordingly, if Plaintiff's complaint is not dismissed outright, a more definite statement is warranted. *Rajkumar v. Cisco Systems*, 2008 WL3397851 at *3 (N.D. Cal. Aug. 11, 2008).

## V.  CONCLUSION

For the foregoing reasons, Prager respectfully asks this Court to dismiss Plaintiff's Complaint with prejudice for Plaintiff's lack of standing and her failure to state a plausible claim. In the alternative, if the Court is inclined to allow Plaintiff to amend her claims, then Prager respectfully urges the Court to require Plaintiff to make a more definite statement of her class-action claims—detailing allegations of Plaintiff's alleged subscriber relationship with Prager and Prager's alleged violations of the VPPA with respect to her—sufficient to enable Prager to understand the nature of her claims against it.

Respectfully submitted,

Dated: July 30, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Craig J. Mariam*
Craig J. Mariam
Michael J. Dailey
*Attorneys for Defendant*
*Prager University Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

/s/ Craig J. Mariam