CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
MICHAEL J. DAILEY (SBN: 301394)
mdailey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 270-7856
Facsimile: (213) 680-4470

Attorney for Defendant
PRAGER UNIVERSITY FOUNDATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA CHANDRA and DAMANY BROWNE, individually and on behalf of others similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>PRAGER UNIVERSITY FOUNDATION,<br><br>  Defendant. | Case No.: 2:25-CV-3984-MCS-SK<br><br>**DEFENDANT PRAGER UNIVERSITY FOUNDATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: October 6, 2025<br>Time: 9:00 a.m.<br>Courtroom: 7C<br>Judge: Hon. Mark Scarsi<br><br>FAC filed: August 6, 2025 |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on October 6, 2025, at 9:00 a.m. or as soon thereafter as this matter may be heard in Courtroom 7C of the above titled Court, located at First Street Courthouse, 350 W. 1st Street, 7th Floor, Los Angeles, California 90012, Defendant Prager University Foundation will and hereby does respectfully move this Honorable Court for an order granting its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (the "FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, Motion for a More Definite Statement (the "Motion"). This Motion is made on the grounds that Plaintiffs have not sufficiently alleged facts to state a claim. It is therefore proper for the Court to dismiss Plaintiffs' FAC, or in the alternative, order Plaintiffs to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities filed concurrently herewith, all pleadings and documents on file in this matter, and on such other and future evidence or argument as may be presented at or before the hearing on this matter.

**CERTIFICATE OF CONFERENCE**

This Motion is made following the conference of counsel for the parties, which took place on August 13, 2025, pursuant to Local Rule 7-3. The parties were unable to reach agreement as to the issues contained in this Motion.

Respectfully submitted,

Dated: September 4, 2025      GORDON REES SCULLY
                              MANSUKHANI, LLP

                              By: */s/ Craig J. Mariam*
                                  Craig J. Mariam
                                  Michael J. Dailey
                                  *Attorneys for Defendant*
                                  *Prager University Foundation*

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................. 6

II. FACTUAL BACKGROUND ........................................................................... 8

III. LEGAL STANDARD ....................................................................................... 9

IV. LEGAL ARGUMENT .................................................................................... 10

    A.    Plaintiffs Cannot State Facts Sufficient To State A Claim Under the VPPA ................................................................................................ 10

        1.    Plaintiffs fail to plausibly allege that they are "consumers" under the VPPA. .................................................... 11

        2.    Plaintiffs fail to plausibly allege that Prager U knowingly disclosed "personally identifiable information." ....................... 12

        3.    An ordinary person could not identify Plaintiffs' specific viewing behavior. ..................................................................... 13

    B.    Alternatively, Plaintiffs must make a more definite statement of their claim. .......................................................................................... 15

V. CONCLUSION ............................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 9

*Austin-Spearman v. AMC Network Ent. LLC*,
  98 F. Supp. 3d 662 (S.D.N.Y. 2015) .................................................................. 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. (2007) ..................................................................... 9, 13

*Brown v. Learfield Communications, LLC*,
  713 F.Supp.3d 355 (W.D. Tex. 2024) ................................................................ 11

*Cantu v. Tapestry, Inc.*,
  2023 WL 4440662 (S.D. Cal. July 10, 2023) ................................................ 9, 12

*Carter v. Scripps Networks, LLC*,
  670 F. Supp. 3d 90 (S.D.N.Y. Apr. 24, 2023) .................................................... 11

*Eichenberger v. ESPN, Inc.*,
  876 F.3d 979 (9th Cir. 2017) ....................................................................... 14, 15

*Ellis v. Cartoon Network, Inc.*,
  803 F.3d 1251 (11th Cir. 2015) ................................................................... 11, 15

*Gardener v. MeTV*,
  681 F. Supp. 3d 864 (N.D. Ill. 2023) ............................................................ 6, 11

*In re Hulu Priv. Litig.*,
  86 F.Supp.3d 1090 (N.D. Cal. 2015) ................................................................. 13

*In re Hulu Priv. Litig.*,
  No. C 11–03764 LB, 2014 WL 1724344 (N.D. Cal. Apr. 28, 2014) ................. 10

*Jefferson v. Healthline Media, Inc.*,
  674 F.Supp.3d 760 (N.D. Cal. May 24, 2023) ................................................... 11

*Martin v. Meredith Corp.*,
  2023 WL 2118074 (S.D.N.Y. Feb. 17, 2023) .................................................... 15

*Mollett v. Netflix, Inc.*,
  795 F.3d 1062 (9th Cir. 2015) ........................................................................... 10

*In re Nickelodeon Consumer Privacy Litigation*,
  827 F.3d 262 (3d Cir. 2016) ........................................................................ 14, 15

-4-

MOTION TO DISMISS          CASE NO. 2:25-CV-3984-MCS-SK

*Rajkumar v. Cisco Systems*,
  2008 WL3397851 (N.D. Cal. Aug. 11, 2008) .............................................. 10, 16

*Salazar v. Paramount Global d/b/a 247Sports*,
  683 F.Supp.3d 727 (M.D. Tenn. 2023) ............................................................. 11

*Stark v. Patreon, Inc.*,
  2022 WL 7652166 (N.D. Cal. Oct. 13, 2022) ..................................................... 9

*Tawam v. Feld Ent. Inc.*,
  684 F. Supp. 3d 1056 (S.D. Cal. 2023) ........................................................ 6, 11

**Statutes**

18 U.S.C. § 2710(a)(1) ...................................................................................... 10, 11

18 U.S.C. § 2710(a)(3) ............................................................................................ 12

18 U.S.C. § 2710(a)(4) ............................................................................................ 10

**Rules**

Fed. R. Civ. P. 12(e) ..................................................................................... 8, 9, 16

Case 2:25-cv-03984-MCS-SK   Document 28   Filed 09/04/25   Page 6 of 17   Page ID #:164

# MEMORANDUM AND POINTS OF AUTHORITIES

## I. INTRODUCTION

Plaintiffs—Ms. Chandra, now joined by Mr. Browne—are still unable to assert a viable claim against Defendant Prager University Foundation ("Prager U") under the Video Privacy Protection Act ("VPPA"). The First Amended Class Action Complaint ("FAC") fails to cure any of the defects in the originally filed complaint, and the inclusion of Mr. Browne as an additional Plaintiff similarly yields no benefit. Plaintiffs' FAC should be dismissed for the following reasons.

First, Plaintiffs do not (and cannot) allege that they are "consumers" as defined by the VPPA. Plaintiffs are neither renters, purchasers, nor subscribers of goods or services from Prager U, which is a threshold requirement to assert a claim under the VPPA. At most, Ms. Chandra merely claims she signed up for Prager U's promotional emails, and Mr. Browne claims he created a website account at some unknown point, but he does not (and cannot) assert such an account was required to subscribe to any videos (because it was not). *See* FAC, ¶¶ 7, 9. These allegations are insufficient to be deemed a "subscriber" under the VPPA. *See e.g.*, *Tawam v. Feld Ent. Inc.,* 684 F. Supp. 3d 1056, 1061 (S.D. Cal. 2023) ("While Plaintiffs allegedly signed up for Defendant's email mailing list, not everything that can conceivably be labeled a 'subscription' automatically triggers the protections of the VPPA."); *see also Gardener v. MeTV*, 681 F. Supp. 3d 864, 870 (N.D. Ill. 2023) (holding that plaintiffs must plead an "'exchange' for their handing over personally identifiable information" and it is insufficient to claim subscriber status without also claiming such registration was required "to access video content"). Accordingly, Plaintiffs claims should be dismissed because were never "subscribers" under the VPPA (and the FAC certainly does not allege they were renters or purchasers of videos).

Second, Plaintiffs do not allege any facts to suggest that Prager U knowingly disclosed any of their personally identifiable information ("PII") to any third

-6-
MOTION TO DISMISS                                                          CASE NO. 2:25-CV-3984-MCS-SK

parties. At most, Plaintiffs vaguely assert in general terms that Prager U transmits website visitors' viewing information to Facebook, and Plaintiffs also maintained Facebook accounts. *See* FAC, ¶¶ 8, 11, 12, 33. Plaintiffs nowhere allege that any of *their* PII was actually transmitted to Facebook. Instead, the FAC recites vague generalities, conjecture, and conclusions masked as facts. For example, Plaintiffs claim that the purported "Figure 2" illustrates the information Prager U shares with Facebook for an unidentified "user." *See* FAC, ¶ 33 ("The images above represent a screenshot of a network traffic report that was taken when a user attempts to watch a video from Defendant's Website, at which time the personal viewing information was transmitted to Facebook."). However, there is nothing to suggest any readily identifiable information was transmitted to Facebook at any time—even in connection with the unidentified "user" referenced in the FAC's Figure 2. Accordingly, Plaintiffs fail to allege any knowing disclosure of their PII occurred *at any time*—once the Court casts aside Plaintiffs' conclusory allegations and reviews the actual facts (or lack thereof) asserted by Plaintiffs as it should.

Third, even if Plaintiffs were to claim their actual PII was disclosed (which they do not), Plaintiffs cannot allege that an ordinary person could identify their specific viewing behavior based on any information sent to Facebook. Instead, Plaintiffs merely speculate that it is theoretically possible to link such information for consumers, but they fail to allege *their* PII was actually linked to their video viewing history. *See* FAC, ¶ 27. This is insufficient to state a claim. And, Plaintiffs do not allege *their* Facebook IDs were knowingly transmitted that would enable a third party to locate them. Instead, they again rest on generalities and speculate about what is possible for certain unnamed individuals. *See* FAC, ¶ 29. Plaintiffs' generic pleading is improper and insufficient to state a claim.

Under these circumstances, Prager U respectfully suggests that Plaintiffs' claims must be dismissed with prejudice for failure to state a claim upon which relief may be granted. Alternatively, if the Court is inclined to permit Plaintiffs to

amend their claims *yet again*—though Prager U denies Plaintiffs can plausibly amend—then Prager U respectfully moves for a more definite statement of Plaintiffs' claims under Rule 12(e) with the particularity required under the federal pleadings standard and the VPPA.

## II. FACTUAL BACKGROUND

Ms. Chandra claims she signed up for Prager U's promotional emails, and Mr. Browne claims he created an account on Prager U's website. *See* FAC, ¶¶ 7, 9. Both Plaintiffs allege they watched prerecorded videos on Prager U's website. *See* FAC, ¶¶ 6, 9. Plaintiffs then assert in vague, conclusory terms that "their video viewing history [sic] to be sent along their personally identifiable information ("PII"), such as their name and photo, to Facebook and other third parties, without Plaintiffs' knowledge or consent." *See* FAC, ¶ 12.

Putting aside the generalities, speculation, and conjecture (and errors) in Plaintiffs' FAC, these bare allegations represent the sum total of their factual allegations in support of their claim under the VPPA. Plaintiffs fail to identify what video they may have watched on Prager U's website, if any. *See* FAC, generally. They do not allege that they rented, purchased, or subscribed to any video on Prager's website. *Id*. In short, while Plaintiffs allege that Prager U caused their PII to be sent to Facebook and potentially others, they fail to identify what video(s) they watched and what PII, if any, Prager U shared with Facebook or anyone else. *Id*. They likewise do not explain how any ordinary person can tie any information published by Prager U to them specifically—because they fail to assert any facts specific to them in the first instance. *Id*.

These pleading defects are fatal to Plaintiffs' claims. And while Prager U cannot offer extrinsic evidence in support of this Motion, it respectfully submits that the facts preclude Plaintiffs from plausibly re-pleading their claims in a manner sufficient to meet the required standard. Accordingly, Prager U respectfully urges the Court to dismiss Plaintiffs' FAC with prejudice.

## III. LEGAL STANDARD

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must be dismissed if a plaintiff either fails to state a claim or has not alleged sufficient facts to support a claim. *Id*. at 562-563. A complaint that offers "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining a complaint's adequacy, a court must disregard conclusory allegations and legal conclusions, which are not entitled to the assumption of the truth, and determine whether the remaining "well-pleaded factual allegations" suggest that the plaintiff has a plausible—as opposed to merely conceivable—claim for relief. *Id*. at 679. A claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. (2007)). In other words, if plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570 (2007).

In VPPA actions, courts have recognized that a complaint will not suffice if it "tenders naked assertion[s] devoid of further factual enhancement." *Stark v. Patreon, Inc.*, 2022 WL 7652166, at *4 (N.D. Cal. Oct. 13, 2022) (citing *Iqbal* and *Twombly*); *see also Cantu v. Tapestry, Inc.*, 2023 WL 4440662, *8 (S.D. Cal. July 10, 2023) ("The VPPA's standard is a higher bar, which Plaintiff's allegations fail to reach.").

Under Rule 12(e), a party may move for a more definite statement when the operative pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). When a party seeks a more definite statement, it "must point out the defects complained of and the details desired." *Id*. And when a plaintiff's complaint fails to allege the specific act or omission the

defendant took with respect to the plaintiff so as to give rise to liability, a more definite statement is required. *See, e.g., Rajkumar v. Cisco Systems*, 2008 WL3397851 at *3 (N.D. Cal. Aug. 11, 2008) (holding that a more definite statement is required where the plaintiff's complaint does not identify what specific act the defendant took).

## IV. LEGAL ARGUMENT

### A. Plaintiffs Cannot State Facts Sufficient To State A Claim Under the VPPA.

To plead a plausible claim under the VPPA, "a plaintiff must allege that (1) a defendant is a 'video tape service provider,' (2) the defendant disclosed 'personally identifiable information concerning any customer' to 'any person,' (3) the disclosure was made knowingly, and (4) the disclosure was not authorized by section 2710(b)(2)." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015); *see also In re Hulu Priv. Litig.*, No. C 11–03764 LB, 2014 WL 1724344, at *7 (N.D. Cal. Apr. 28, 2014).

The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally identifiable information" about one of its consumers "to any person." A "video tape service provider" is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4). And a "consumer," within the meaning of the VPPA, is "any renter, purchaser, or subscriber of goods or services from a video tape service provider." *Id*. § 2710(a)(1).

Here, Plaintiffs have failed to plausibly allege facts to support their claims because [1] they are not consumers, [2] Prager U did not knowingly disclose any of Plaintiff's PII to Facebook as defined by the VPPA, and [3] an ordinary person could not identify Plaintiffs based upon any information allegedly disclosed.

**1.     Plaintiffs fail to plausibly allege that they are "consumers" under the VPPA.**

Claims asserted under the VPPA are limited solely to "consumers," who are defined as "any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1); *see also Carter v. Scripps Networks, LLC*, 670 F. Supp. 3d 90, 98 (S.D.N.Y. Apr. 24, 2023) ("In the statute's full context, a reasonable reader would understand the definition of 'consumer' to apply to a renter, purchaser or subscriber of audio-visual goods or services, and not goods or services writ large."). To plausibly allege they are subscribers under the VPPA, plaintiffs must allege there is an "ongoing commitment or relationship between the user" and the defendant. *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1257 (11th Cir. 2015) (holding that a plaintiff who downloaded an app for free and used it to watch free video clips is not a "subscriber" under the VPPA).

Numerous courts have dismissed claims when a plaintiff fails to allege more than the fact that he or she provided their names and email address, viewed videos, and that information was shared with Facebook. *Tawam v. Feld Ent., Inc.*, 684 F.Supp.3d 1056 (S.D. Cal. July 28, 2023) (holding that the plaintiffs were not subscribers because they "signed up for an email mailing list provided by defendant and separately viewed videos on defendant's website"); *Gardener v. MeTV*, 681 F. Supp. 3d 864, 870 (N.D. Ill. 2023) (holding that plaintiffs must plead an " 'exchange' for their handing over personally identifiable information" and it is insufficient to claim subscriber status without also claiming such registration was required "to access video content"); *Brown v. Learfield Communications, LLC*, 713 F.Supp.3d 355, 367 (W.D. Tex. 2024) (plaintiff who subscribed to a free newsletter, and did not allege a login was required to access videos, was not a subscriber under the VPPA); *Salazar v. Paramount Global d/b/a 247Sports*, 683 F.Supp.3d 727, 743 (M.D. Tenn. 2023) (holding that "a 'consumer' is a 'subscriber' under the [VPPA] only when they subscribe to audio visual materials"); *Jefferson v.*

*Healthline Media, Inc.*, 674 F.Supp.3d 760, 761-62 (N.D. Cal. May 24, 2023) (dismissing VPPA claim where plaintiff alleged that she gave defendant her name and email address to subscribe to its email list, but "no information [was] provided about th[at] list"); *Austin-Spearman v. AMC Network Ent. LLC*, 98 F. Supp. 3d 662, 670 (S.D.N.Y. 2015) (to be subscriber under the VPPA there must be a "deliberate and durable affiliation with the provider" and simply viewing videos on a website is not sufficient).

Here, Plaintiffs do not allege any *facts* to suggest that they are subscribers to Prager U's video content—because they are not.  Instead, Plaintiffs merely allege in vague terms that they subscribed to either Prager U's promotional materials or created a website account, which in itself is insufficient to establish subscriber status under the VPPA because there was no "video subscription."  Simply put, Prager U makes all of its video content free to all online.  *See* FAC, ¶ 1 (noting Prager U "hosts a massive library of videos related to a number of topics. . . which it maintains on its Website").  There is simply no subscription required to view the materials—even the unidentified videos that Plaintiffs allege they viewed at some point.  Accordingly, Plaintiffs' VPPA claim cannot survive because it is impossible to allege sufficient facts, and it is insufficiently pled as a matter of law.  *See Cantu v. Tapestry, Inc.*, 2023 WL 4440662, *8 (S.D. Cal. July 10, 2023) ("The VPPA's standard is a higher bar, which Plaintiff's allegations fail to reach.").

**2. Plaintiffs fail to plausibly allege that Prager U knowingly disclosed "personally identifiable information."**

Plaintiffs also do not allege any facts to suggest Prager U knowingly disclosed their PII to Facebook (or any other third party).  The VPPA defines PII as "includ[ing] information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710 (a)(3). Accordingly, to allege a disclosure of PII within the meaning of the VPPA, a plaintiff must allege that the defendant disclosed to a third party: "1) a

consumer's identity; 2) the identity of the "specific video materials'; and 3) the fact that the person identified 'requested or obtained' that material." *In re Hulu Priv. Litig.*, 86 F.Supp.3d 1090, 1095 (N.D. Cal. 2015). "The point of the VPPA, after all, is not so much to ban the disclosure of user or video data; it is to ban the disclosure of information connecting a certain user to certain videos." *Id.* at 1095.

Here, Plaintiffs generally allege that Prager U "caused their video viewing history to be sent along [sic] their personally identifiable information ("PII"), such as their name and photo, to Facebook. . . ." *See* FAC, ¶ 12. Plaintiffs also allege in general terms that "the information Facebook receives from Defendant identifies customers based on their unique and persistent Facebook IDs. . . ." *See* FAC, ¶ 27. Plaintiffs further speculate that "[a]ny ordinary person who comes into possession of a Facebook ID can easily use that information to identify a particular individual and their corresponding Facebook profile, which contains additional information such as the user's name, gender, birthday, place of residence, career, educational history, a multitude of photos, and the content of a Facebook user's posts. This information may reveal even more sensitive personal information—for instance, posted photos may disclose the identity of family members, and written posts may disclose religious preferences, political affiliations, personal interests, and more." (*Id.* at ¶ 29). But, critically, Plaintiffs never allege any of *their* PII or Facebook IDs were disclosed to Facebook. Plaintiffs cannot simply claim that this disclosure is theoretically possible. Such generalities are not enough to assert a VPPA claim. *See Twombly*, 550 U.S. at 570 (2007) (If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

### 3. An ordinary person could not identify Plaintiffs' specific viewing behavior.

Because Plaintiffs never identify the specific PII they claim Prager U disclosed, they cannot plausibly allege actionable disclosure of PII—because none of their allegations are sufficient to establish that an "ordinary person" could

-13-

identify Plaintiffs based on any disclosures by Prager. The Ninth Circuit has adopted an "ordinary person" test for PII that was previously set forth in *In re Nickelodeon Consumer Privacy Litigation*, 827 F.3d 262 (3d Cir. 2016). *See Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017). Under this test, only disclosures that enable an ordinary person to readily identify that a particular individual has watched a specific video are actionable under the VPPA. *Id*. at 985.

The Ninth Circuit's reasoning in *Eichenberger* is especially instructive here. There, the Ninth Circuit considered the lower court's dismissal of VPPA claims where the plaintiff alleged that an ESPN channel he downloaded to his Roku digital streaming device surreptitiously sent his PII to a third party, Adobe. Specifically, the plaintiff alleged that ESPN disclosed to Adobe the names of videos he watched on the ESPN channel along with his Roku device's serial number. The Court noted that this information was insufficient to enable an ordinary person to connect the plaintiff with his video viewing history without the use of additional information that only Adobe possessed. Accordingly, the Court held that plaintiff had not plausibly alleged that ESPN disclosed his PII, and affirmed the dismissal. *Id*. at 986.

Here, as in *Eichenberger*, Plaintiffs fail to explain how an ordinary person could connect *their* Facebook ID with her video viewing history, such that disclosure of both amounts to disclosure of their PII under the VPPA. Plaintiffs make no specific allegations at all to identify what videos they watched, what PII of theirs was provided to a third-party, or how an ordinary person would be able combine these data points to identify them using that data alone. Instead, Plaintiffs make conclusory allegations that Prager U somehow "caused their video viewing history to be sent along [sic] their [PII], such as their name and photo, to Facebook and other third parties, without Plaintiffs' knowledge or consent." *See* FAC, ¶ 12. They further allege that "[t]he information Facebook receives from Defendant identifies customers based on their unique and persistent Facebook IDs ("FID"),

-14-

which is sent to Facebook as one data point alongside the title of the audio visual material the specific customer requested or purchased." *Id.* at ¶ 27. But just as in *Eichenberger*, these two pieces of information are useless to an ordinary person without the aid of additional data that only Facebook possesses and publishes— including the register of Facebook accounts accessible via Facebook's website, which Prager U does not control or maintain (assuming any transfer occurs, which is anything but clear in the FAC). In other words, if one to assume the actual Facebook ID were transferred, an individual who obtained that Facebook ID would have to utilize information that Facebook—not Prager U—possesses to link an individual to any viewing history.

Courts in the Ninth Circuit have been clear that, without more information to be able to identify a particular consumer, this type of information is insufficient to sustain a VPPA claim under the "ordinary person" analysis. *See Eichenberger*, 876 F.3d at 986 ("We conclude that an ordinary person could not use the information that Defendant allegedly disclosed to identify an individual. Plaintiff has therefore failed to state a claim under Rule 12(b)(6)."); *Nickelodeon*, 827 F.3d at 283-84 (affirming dismissal of VPPA claim and finding that IP addresses or static digital identifiers of the sort that can only, "in theory, be combined with other information to identify a person do not count as" PII); *Ellis*, 803 F.3d at 1254-55 (an Android ID paired with viewing history is not PII because they do not link an actual person to actual video materials). The same is true here because Plaintiffs fail to allege that (i) any of their information was transferred or (ii) any theoretically transferred information could be linked to either of them.

### B. Alternatively, Plaintiffs must make a more definite statement of their claim.

In *Martin v. Meredith Corp.*, 2023 WL 2118074, at *3 (S.D.N.Y. Feb. 17, 2023), the court found that the plaintiff failed to state a claim under the VPPA because his complaint "[left] off essential information for a VPPA claim, including

at least … the name of the 'specific video materials' on the page [and] whether the website visitor 'requested or obtained' any videos at all, or merely read an article on the webpage."

Prager U respectfully submits that Plaintiffs have not, and cannot under the facts of this this case, plausibly state a VPPA against it. Nonetheless, to the extent the Court may be inclined to permit Plaintiffs to replead their claims yet again, then Prager respectfully urges the Court to grant Prager's motion in the alternative for a more definite statement under Rule 12(e). As shown above, Plaintiffs have not alleged sufficient detail about their relationship with Prager U or about what PII of theirs, if any, they claim Prager U disclosed to a third party. Without this information, Prager cannot frame a response to Plaintiffs' FAC because, like in *Martin*, Plaintiffs do not identify the specific video materials they alleged accessed that contained the alleged information referenced in Figure 2 of their FAC. Thus, if Plaintiffs' FAC is not dismissed, a more definite statement is warranted. *Rajkumar v. Cisco Systems*, 2008 WL3397851 at *3 (N.D. Cal. Aug. 11, 2008).

## V. CONCLUSION

For the foregoing reasons, Prager U respectfully asks this Court to dismiss Plaintiffs' FAC with prejudice for Plaintiffs' failure to state a plausible claim. In the alternative, if the Court is inclined to allow Plaintiffs to amend their claims, then Prager U respectfully urges the Court to require Plaintiffs to make a more definite statement of their class-action claims sufficient to enable Prager U to understand the nature of her claims against it.

Dated: September 4, 2025

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Craig J. Mariam*
Craig J. Mariam
Michael J. Dailey
*Attorneys for Defendant Prager University Foundation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ Craig J. Mariam*