CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
MICHAEL J. DAILEY (SBN: 301394)
mdailey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 270-7856
Facsimile: (213) 680-4470

Attorney for Defendant
PRAGER UNIVERSITY FOUNDATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA CHANDRA and DAMANY BROWNE, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>PRAGER UNIVERSITY FOUNDATION,<br><br>Defendant. | Case No.: 2:25-CV-3984-MCS-SK<br><br>**DECLARATION OF MICHAEL J. DAILEY RE: LOCAL RULE 7-3 CONFERENCE**<br><br>Date: October 6, 2025<br>Time: 9:00 a.m.<br>Courtroom: 7C<br>Judge: Hon. Mark Scarsi<br><br>Complaint filed: May 5, 2025 |

-1-

DECLARATION OF MICHAEL J. DAILEY                     CASE NO. 2:25-CV-3984-MCS-SK

# DECLARATION OF MICHAEL J. DAILEY

I, Michael J. Dailey, declare as follows:

1. I am an attorney at law licensed to practice in the State of California. I am a partner with the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys of record for Defendant Prager University Foundation ("Prager U"). I am one of the attorneys responsible for the handling of this matter and have personal knowledge of the facts set forth below.

2. On August 13, 2025, I met and conferred telephonically with counsel for Plaintiffs in the above-referenced matter regarding the claims asserted in the First Amended Class Action Complaint ("FAC") in accordance with Local Rule 7-3.

3. During our meet-and-confer session, I indicated that from Prager U's perspective, the factual allegations raised in the FAC as to both Plaintiffs Chandra and Browne suffered from the same infirmities as those raised in Ms. Chandra's originally filed complaint. Specifically, I drew counsel's attention to the prior motion to dismiss on file (having the benefit of that being on file) and indicated that Plaintiffs still failed to allege facts sufficient to state a cause of action under the VPPA, which applied to both Plaintiffs despite the addition of Mr. Browne as a co-plaintiff. Similarly, I indicated that Plaintiffs' allegations were not sufficiently described to form the basis of a cause of action under the VPPA, which required a more definite statement. In other words, I indicated that like Prager U's originally filed motion to dismiss, Prager U was intending to move to dismiss under Rule 12(b)(6), or in the alternative for a more definite statement under Rule 12(e) (the "Motion") because those defects still existed within the FAC. Plaintiffs' counsel indicated that they believed the allegations in the FAC were sufficient to state a claim and no further supplementation was required.

-2-

DECLARATION OF MICHAEL J. DAILEY   CASE NO. 2:25-CV-3984-MCS-SK

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

4. In addition to the above, I did further indicate based on my conversation with counsel about standing under Rule 12(b)(1) that we would be reviewing the materials and decide whether to follow up in writing if we still intended to assert that claim. Prager U decided not to pursue that argument – focusing instead on Plaintiffs' lack of statutory standing. The timely filed Motion followed that conference with counsel for Plaintiffs.

I declare under penalty of perjury, pursuant to the laws of the State of California, that the foregoing is true and correct.

Executed this 4th day of September, 2025, in Los Angeles, California.

_____
Michael J. Dailey

-3-

DECLARATION OF MICHAEL J. DAILEY         CASE NO. 2:25-CV-3984-MCS-SK