CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
MICHAEL J. DAILEY (SBN: 301394)
mdailey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 270-7856
Facsimile: (213) 680-4470

Attorney for Defendant
PRAGER UNIVERSITY FOUNDATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVIA CHANDRA and DAMANY BROWNE, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>PRAGER UNIVERSITY FOUNDATION,<br><br>Defendant. | Case No.: 2:25-CV-3984-MCS-SK<br><br>**DEFENDANT PRAGER UNIVERSITY FOUNDATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**<br><br>Date: October 6, 2025<br>Time: 9:00 a.m.<br>Courtroom: 7C<br>Judge: Hon. Mark Scarsi<br><br>FAC filed: August 6, 2025 |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 3

II. LEGAL ARGUMENT .......... 5

A. Plaintiffs Cannot State Facts Sufficient To State A Claim Under the VPPA .......... 5

1. Plaintiffs fail to plausibly allege that they are "consumers" under the VPPA. .......... 5

2. Plaintiffs fail to plausibly allege that Prager U knowingly disclosed "personally identifiable information." .......... 7

3. An ordinary person could not identify Plaintiffs' specific viewing behavior. .......... 8

B. Alternatively, Plaintiffs must make a more definite statement of their claim. .......... 10

III. CONCLUSION .......... 11

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## I. INTRODUCTION

Plaintiffs' opposition (the "Opposition") to Defendant Prager University Foundation's ("Prager U") Motion to Dismiss (the "Motion") illustrates the infirmities in Plaintiffs' First Amended Class Action Complaint ("FAC"), which cannot be cured. As a result, Plaintiffs' FAC should be dismissed without leave to amend for a number of reasons.

First, Plaintiffs are not consumers under the VPPA simply because they allegedly viewed certain unidentified videos on Prager U's website—especially when the viewing did not require a subscription or any exchange of personal information to view the unidentified videos. Plaintiffs' vague allegation that their inclusion on a general mailing list that contained purported "updates" made them consumers is insufficient. In addition, Plaintiff Browne claims that he was able to "favorite videos" at some unknown point in time, but he critically does not (and cannot) claim he subscribed to any videos, since a subscription is not required to view any videos on Prager U's website, which the FAC admits. The case law is clear that Plaintiffs' unrelated interactions with Prager U – completely disconnected from the act of viewing the free video content available to the public – does not transform Plaintiffs into "subscribers," especially when Plaintiffs do not (and cannot) allege a subscription is necessary or that Plaintiffs provided their personal information in exchange for viewing videos. *See e.g., Tawam v. Feld Ent. Inc.,* 684 F. Supp. 3d 1056, 1061 (S.D. Cal. 2023) ("While Plaintiffs allegedly signed up for Defendant's email mailing list, not everything that can conceivably be labeled a 'subscription' automatically triggers the protections of the VPPA."); *see also Gardener v. MeTV*, 681 F. Supp. 3d 864, 870 (N.D. Ill. 2023) (holding that plaintiffs must plead an "'exchange' for their handing over personally identifiable information" and it is insufficient to claim subscriber status without also claiming such registration was required "to access video content").

Second, Plaintiffs claim that they sufficiently alleged their viewing history

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

and personally identifiable information ("PII") was knowingly disclosed. That is not accurate. Instead, Plaintiffs only point to conclusory and vague allegations in the FAC that are unsupported by actual *facts* and should be rejected. Plaintiffs are unable to point to any facts to suggest any PII and viewing history was transmitted to Facebook at any time—even in connection with the unidentified "user" referenced in the FAC's Figure 2 that falls woefully short. Accordingly, Plaintiffs fail to allege any knowing disclosure of their PII occurred *at any time*—once the Court casts aside Plaintiffs' conclusory allegations and reviews the actual facts (or lack thereof) asserted by Plaintiffs.

Third, Plaintiffs cannot allege that an ordinary person could identify their specific viewing behavior based on any information sent to Facebook. Instead, Plaintiffs merely speculate that it is theoretically possible to link such information for unknown individuals, but they fail to allege *their* PII was actually linked to their video viewing history. *See* FAC, ¶ 27. This is insufficient to state such a claim. And, Plaintiffs do not allege *their* Facebook IDs were knowingly transmitted that would enable a third party to locate them personally. Instead, Figure 2 in the FAC illustrates that it is impossible for an ordinary person to discern any of the information allegedly transferred to Facebook from the Prager U website. Plaintiffs rest on generalities and speculation concerning unnamed "users," which is insufficient to state a claim under the VPPA.

Under these circumstances, Prager U respectfully suggests that Plaintiffs' claims must be dismissed with prejudice for failure to state a claim upon which relief may be granted. Alternatively, if the Court is inclined to permit Plaintiffs to amend their claims *yet again*—though Prager U denies Plaintiffs can plausibly amend—then Prager U respectfully moves for a more definite statement of Plaintiffs' claims under Rule 12(e) with the particularity required under the federal pleadings standard and the VPPA.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## II. LEGAL ARGUMENT

### A. Plaintiffs Cannot State Facts Sufficient To State A Claim Under the VPPA.

#### 1. Plaintiffs fail to plausibly allege that they are "consumers" under the VPPA.

Plaintiffs' Opposition asserts that they are both "subscribers" under the VPPA. *See* Opp. at 7-8. In support of their contention, they cite a number of inapposite cases while ignoring the fact that "[i]n the statute's full context, a reasonable reader would understand the definition of 'consumer' to apply to a renter, purchaser or subscriber of audio-visual goods or services, and not goods or services writ large." *See Carter v. Scripps Networks, LLC*, 670 F. Supp. 3d 90, 98 (S.D.N.Y. Apr. 24, 2023). In other words, plaintiffs must allege there is an "ongoing commitment or relationship between the user" and the defendant. *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1257 (11th Cir. 2015) (holding that a plaintiff who downloaded an app for free and used it to watch free video clips is not a "subscriber" under the VPPA).

Plaintiffs also ignore the fact that numerous courts have dismissed claims when a plaintiff fails to allege more than the fact that he or she provided their names and email address, viewed videos, and that information was shared with Facebook. *Tawam v. Feld Ent., Inc.*, 684 F.Supp.3d 1056 (S.D. Cal. July 28, 2023) (holding that the plaintiffs were not subscribers because they "signed up for an email mailing list provided by defendant and separately viewed videos on defendant's website"); *Gardener v. MeTV*, 681 F. Supp. 3d 864, 870 (N.D. Ill. 2023) (holding that plaintiffs must plead an " 'exchange' for their handing over personally identifiable information" and it is insufficient to claim subscriber status without also claiming such registration was required "to access video content"); *Brown v. Learfield Communications, LLC*, 713 F.Supp.3d 355, 367 (W.D. Tex. 2024) (plaintiff who subscribed to a free newsletter, and did not allege a login was required to access videos, was not a subscriber under the VPPA); *Salazar v.*

*Paramount Global d/b/a 247Sports*, 683 F.Supp.3d 727, 743 (M.D. Tenn. 2023) (holding that "a 'consumer' is a 'subscriber' under the [VPPA] only when they subscribe to audio visual materials"); *Jefferson v. Healthline Media, Inc.*, 674 F.Supp.3d 760, 761-62 (N.D. Cal. May 24, 2023) (dismissing VPPA claim where plaintiff alleged that she gave defendant her name and email address to subscribe to its email list, but "no information [was] provided about th[at] list"); *Austin-Spearman v. AMC Network Ent. LLC*, 98 F. Supp. 3d 662, 670 (S.D.N.Y. 2015) (to be a subscriber under the VPPA there must be a "deliberate and durable affiliation with the provider" and simply viewing videos on a website is not sufficient).

Here, Plaintiffs do not allege any *facts* to suggest that they are subscribers to Prager U's video content—because they are not. Indeed, Plaintiffs' Opposition points to cases where, unlike here, plaintiffs were deemed subscribers because they were given "access to exclusive or restricted content." *See* Opp. at 8-9 (citing *Ballard v. Insomniac Holdings, LLC*, No. 25-CV-00811-SI, 2025 WL 1696558, at *5 (N.D. Cal. June 17, 2025). Similarly, in *Jackson v. Fandom*, the court found that plaintiff was a subscriber because he created the requisite account to watch videos, like is the case with other subscription services such as Hulu. *See Jackson v. Fandom, Inc.*, No. 22-CV-04423-JST, 2023 WL 4670285, at *4 (N.D. Cal. July 20, 2023) (citing to *In re Hulu Priv. Litig.*, No. C 11-03764 LB, 2012 WL 3282960, at *8 (N.D. Cal. Aug. 10, 2012); *see also Nguyen v. Elsevier Inc.*, No. 25-CV-00825-NC, 2025 WL 1635679, at *1 (N.D. Cal. June 9, 2025) (finding a plaintiff was a subscriber because "[a]ccess to [defendant's] video library through paid or free subscriptions *requires* an individual to register with [defendant] and provide their full name and email address to create an account") (emphasis added).

There are no facts to suggest that either Plaintiff became subscribers of Prager U's video content library, because they were not.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**2. Plaintiffs fail to plausibly allege that Prager U knowingly disclosed "personally identifiable information."**

Plaintiffs allege in a conclusory fashion (without any facts) that their PII under the VPPA was transmitted to Facebook and other third parties. *See* Opp. at 12-13. The defect with Plaintiffs' assertion is that their FAC does nothing more than allege in general terms that "the information Facebook receives from Defendant identifies customers based on their unique and persistent Facebook IDs. . . ." *See* FAC, ¶ 27. Plaintiffs further speculate that "[a]ny ordinary person who comes into possession of a Facebook ID can easily use that information to identify a particular individual and their corresponding Facebook profile, which contains additional information such as the user's name, gender, birthday, place of residence, career, educational history, a multitude of photos, and the content of a Facebook user's posts. This information may reveal even more sensitive personal information—for instance, posted photos may disclose the identity of family members, and written posts may disclose religious preferences, political affiliations, personal interests, and more." (*Id*. at ¶ 29). But, critically, Plaintiffs never allege any of *their* PII or Facebook IDs were disclosed to Facebook. Plaintiffs cannot simply claim that this disclosure is theoretically possible for "users." *See* FAC, Figure 2.

Once one casts aside the conclusory allegations in the FAC, all Plaintiffs allege is that for some unknown viewers of Prager U's publicly available video content, their Facebook ID and viewing history was disclosed to Facebook. However, that is not enough. A plaintiff must also allege that they had been personally logged into Facebook at the time they viewed the content from the same device so that the theoretical transmission described in the FAC could occur. *See Jackson v. Fandom, Inc.*, No. 22-CV-04423-JST, 2023 WL 4670285, at *1 (N.D. Cal. July 20, 2023) (noting that plaintiff was a "registered user of social media networks Facebook and Instagram, which she accesses on the same device and

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

browser as she uses to access [defendant's website]"). In other words, if Plaintiffs cannot plead they accessed Prager U video content only after logging into Facebook on the same device and browser, then there was no transmission of any data. In this case, Plaintiffs fail to allege they had been logged into Facebook or used the same device required to actually transmit any data to Facebook—a telling omission in the FAC. Instead, Plaintiffs brush this critical requirement aside and simply claim that they "maintained and used Plaintiff's [sic] Facebook account . . . from the same browser [they] used to watch a prerecorded video from Defendant's Website." *See* FAC, ¶¶ 6, 8. The problem here is that Plaintiffs do not allege they used the same device and had previously logged into Facebook, which is required to state a claim that any transmission of any data occurred under the VPPA—provided Plaintiffs could meet the other requirements of the VPPA (which they cannot). "The point of the VPPA, after all, is not so much to ban the disclosure of user or video data; it is to ban the disclosure of information connecting a certain user to certain videos." *In re Hulu Priv. Litig.*, 86 F.Supp.3d 1090, 1095 (N.D. Cal. 2015).

**3. An ordinary person could not identify Plaintiffs' specific viewing behavior.**

In their Opposition Plaintiffs argue that they adequately alleged an ordinary person could discern Plaintiffs' video viewing habits. *See* Opp. at 13. That is not true as illustrated by the face of the FAC. The Ninth Circuit has adopted an "ordinary person" test for PII that was previously set forth in *In re Nickelodeon Consumer Privacy Litigation*, 827 F.3d 262 (3d Cir. 2016). *See Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017). Under this test, only disclosures that enable an ordinary person to readily identify that a particular individual has watched a specific video are actionable under the VPPA. *Id.* at 985.

Plaintiffs baldly assert that any ordinary individual could link them to the video content at issue, and they provide alleged illustrative examples in the FAC. *See* FAC at 12 (Figure 1 and Figure 2). As noted in the Motion, the Ninth Circuit's

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

reasoning in *Eichenberger* is especially instructive here. There, the Ninth Circuit considered the lower court's dismissal of VPPA claims where the plaintiff alleged that an ESPN channel he downloaded to his Roku digital streaming device surreptitiously sent his PII to a third party, Adobe. Specifically, the plaintiff alleged that ESPN disclosed to Adobe the names of videos he watched on the ESPN channel along with his Roku device's serial number. The Court noted that this information was insufficient to enable an ordinary person to connect the plaintiff with his video viewing history without the use of additional information that only Adobe possessed. Accordingly, the Court held that plaintiff had not plausibly alleged that ESPN disclosed his PII, and affirmed the dismissal. *Id*. at 986.

Here, as in *Eichenberger*, Plaintiffs fail to explain how an ordinary person could connect any of the information in Figure 2 or the FAC to them—especially without any help from Facebook or an intimate understanding of technology that far surpasses any "ordinary person." Figure 2 in the FAC certainly does Plaintiffs no favors in this regard. This is exactly the type of impossible-to-discern information like the serial number in *Eichenberger*. Indeed, the Second Circuit, employing the "ordinary person" standard, recently held that an individual's Facebook ID is exactly like the "unique device identifiers in *Nickelodeon*, 827 F.3d at 262, or the Roku device serial numbers in *Eichenberger*, 876 F.3d at 979." *Solomon v. Flipps Media, Inc.*, 136 F.4th 41, 55 (2d Cir. 2025). The Second Circuit further noted that "[t]o an average person, an IP address or a digital code in a cookie file would likely be of little help in trying to identify an actual person," which Figure 2 makes abundantly clear is the case here. *Id.* (quoting *In re Nickelodeon*, 827 F.3d at 283). "Holding otherwise would make 'the lawfulness of a disclosure depend on circumstances outside of a video service provider's control.'" *Id.* (quoting *Mollett v. Netflix*, Inc., 795 F.3d 1062, 1066 (9th Cir. 2015). Thus, Plaintiffs' sole *factual* allegation—as expressed in Figure 2—is woefully insufficient. An ordinary person could not link anyone's viewing history based on the information in Figure 2 if they

tried, which is exactly why the Second Circuit in *Solomon* found dismissal was warranted as to that plaintiff's VPPA claim.

**B. Alternatively, Plaintiffs must make a more definite statement of their claim.**

Plaintiffs assert that they are entitled to plead in generalities and vagaries in the FAC without providing additional information or specific facts concerning their claims. Plaintiffs attempt to distinguish the case law in the Motion, but the fact remains that in *Martin v. Meredith Corp.*, 2023 WL 2118074, at *3 (S.D.N.Y. Feb. 17, 2023), the court found that the plaintiff failed to state a claim under the VPPA because his complaint "[left] off essential information for a VPPA claim, including at least … the name of the 'specific video materials' on the page [and] whether the website visitor 'requested or obtained' any videos at all, or merely read an article on the webpage." It is well settled that "even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016); *see also In re Nickelodeon*, 827 F.3d at 285 ("[W]e think that legislators' initial focus on both libraries and video stores indicates that the [VPPA] was meant to prevent disclosures of information capable of identifying an *actual person's* reading or video-watching habits.") (emphasis in original). Here, Plaintiffs' Figure 1 and 2 do not at all concern Plaintiffs in particular. Prager U is instead left in the dark to determine what facts are applicable to the named Plaintiffs rather than a generic, unidentified "user."

Prager U respectfully submits that Plaintiffs have not, and cannot under the facts of this this case, plausibly state a VPPA against it. Nonetheless, to the extent the Court may be inclined to permit Plaintiffs to replead their claims yet again, then Prager respectfully urges the Court to grant Prager's motion in the alternative for a more definite statement under Rule 12(e). As shown above, Plaintiffs have not

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

alleged sufficient detail about their relationship with Prager U or about what PII of theirs, if any, they claim Prager U disclosed to a third party. Without this information, Prager cannot frame a response to Plaintiffs' FAC because, like in *Martin*, Plaintiffs do not identify the specific video materials they alleged accessed that contained the alleged information referenced in Figure 2 of their FAC. Thus, if Plaintiffs' FAC is not dismissed, a more definite statement is warranted. *Rajkumar v. Cisco Systems*, 2008 WL3397851 at *3 (N.D. Cal. Aug. 11, 2008).

## III. CONCLUSION

For the foregoing reasons, Prager U respectfully asks this Court to dismiss Plaintiffs' FAC with prejudice for Plaintiffs' failure to state a plausible claim. In the alternative, if the Court is inclined to allow Plaintiffs to amend their claims again, then Prager U respectfully urges the Court to require Plaintiffs to make a more definite statement of their claims sufficient to enable Prager U to understand the nature of their claims against it.

Dated: September 22, 2025

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Craig J. Mariam*
Craig J. Mariam
Michael J. Dailey
*Attorneys for Defendant Prager University Foundation*

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Prager University Foundation certifies that this brief contains 2,862, which complies with the word limit of L.R. 11-6.1.

*/s/ Craig J. Mariam*
Craig J. Mariam

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ Craig J. Mariam*
Craig J. Mariam