CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
MICHAEL J. DAILEY (SBN: 301394)
mdailey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 270-7856
Facsimile: (213) 680-4470

Attorney for Defendant
PRAGER UNIVERSITY FOUNDATION

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVIA CHANDRA AND DAMANY BROWNE, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>PRAGER UNIVERSITY FOUNDATION,<br><br>Defendant. | Case No.: 2:25-CV-3984-MCS-SK<br><br>Courtroom: 7C<br>Judge: Hon. Mark Scarsi<br><br>**DEFENDANT PRAGER UNIVERSITY FOUNDATION'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint filed: May 5, 2025 |

Defendant Prager University Foundation ("Defendant") hereby answers the Second Amended Class Action Complaint (Dk. No. 35) filed by Plaintiffs Sylvia Chandra and Damany Brown ("Plaintiffs") on November 4, 2025, as follows:

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## NATURE OF THE CASE

1. Responding to Paragraph 1, Defendant admits only that Defendant owns and operates a website at the address prageru.com. As to any remaining allegations, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

2. Responding to Paragraph 2, this Paragraph sets forth legal conclusions as to the issue of subject matter, to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

## JURISDICTION AND VENUE

3. Responding to Paragraph 3, this Paragraph sets forth legal conclusions as to the issue of pendent jurisdiction, to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

4. Responding to Paragraph 4, Defendant admits only that Defendant is headquartered in California. As to the remaining allegations, this Paragraph sets forth legal conclusions as to the issue of pendent jurisdiction, to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

5. Responding to Paragraph 5, this Paragraph sets forth legal conclusions as to the issue of venue, to which no response is required. As to any remaining allegations, Defendants lack knowledge or information sufficient to respond to the allegations, and on that basis deny the same.

## PARTIES

6. Responding to Paragraph 6, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

7. Responding to Paragraph 7, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

8. Responding to Paragraph 8, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

9. Responding to Paragraph 9, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

10. Responding to Paragraph 10, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

11. Responding to Paragraph 11, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

12. Responding to Paragraph 12, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

13. Responding to Paragraph 13, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

14. Responding to Paragraph 14, Defendant admits that it is a Virginia corporation with its principal place of business in Sherman Oaks, California.

## GENERAL ALLEGATIONS

### *History and Overview of the VPPA*

15. Responding to Paragraph 15, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

16. Responding to Paragraph 16, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

17. Responding to Paragraph 17, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

***Defendant is a Video Tape Service Provider***

18. Responding to Paragraph 18, Defendant admits that it has prerecorded videos on its Website related to a variety of topics. As to any remaining allegations, Defendants lack knowledge or information sufficient to respond to the allegations, and on that basis deny the same.

19. Responding to Paragraph 19, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

***Defendant Knowingly Discloses Consumers' PII to Third Parties***

20. Responding to Paragraph 20, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

21. Responding to Paragraph 21, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

22. Responding to Paragraph 22, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

///

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

***Defendant's use of Facebook Business Tools and Tracking Pixels***

23. Responding to Paragraph 23, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

24. Responding to Paragraph 24, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

25. Responding to Paragraph 25, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

26. Responding to Paragraph 26, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

27. Responding to Paragraph 27, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

28. Responding to Paragraph 28, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

29. Responding to Paragraph 29, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

30. Responding to Paragraph 30, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

31. Responding to Paragraph 31, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

***Defendant's Use of Tracking Tools***

32. Responding to Paragraph 32, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

33. Responding to Paragraph 33, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

34. Responding to Paragraph 34, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

35. Responding to Paragraph 35, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

36. Responding to Paragraph 36, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

37. Responding to Paragraph 37, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

38. Responding to Paragraph 38, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

39. Responding to Paragraph 39, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

40. Responding to Paragraph 40, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

41. Responding to Paragraph 41, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

42. Responding to Paragraph 42, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

43. Responding to Paragraph 43, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

44. Responding to Paragraph 44, Defendant lacks knowledge or information sufficient to respond to the allegations, and on that basis denies the same.

## CLASS ACTION ALLEGATIONS

45. Responding to Paragraph 45, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant denies that the purported class described in Paragraph 45 qualifies as a certifiable class and denies the remaining allegations.

46. Responding to Paragraph 46, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant denies that the purported class described in Paragraph 45 qualifies as a certifiable class and denies the remaining allegations.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

47. Responding to Paragraph 47, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant denies that the purported class described in Paragraph 45 qualifies as a certifiable class and denies the remaining allegations.

48. Responding to Paragraph 48, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant denies that the purported class described in Paragraph 45 qualifies as a certifiable class and denies the remaining allegations.

49. Responding to Paragraph 49, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant denies that the purported class described in Paragraph 45 qualifies as a certifiable class and denies the remaining allegations.

50. Responding to Paragraph 50, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant denies that the purported class described in Paragraph 45 qualifies as a certifiable class and denies the remaining allegations.

51. Responding to Paragraph 51, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant denies that the purported class described in Paragraph 45 qualifies as a certifiable class and denies the remaining allegations.

52. Responding to Paragraph 52, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant denies that the purported class described in Paragraph 45 qualifies as a certifiable class and denies the remaining allegations.

53. Responding to Paragraph 53, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

is necessary, Defendant denies that the purported class described in Paragraph 45 qualifies as a certifiable class and denies the remaining allegations.

**<u>CAUSE OF ACTION</u>**

**<u>COUNT I</u>**

***Violation of the Video Privacy Protection Act***

**18 U.S.C. § 2710, *et seq.***

54. Responding to Paragraph 54, Defendant incorporates as if fully set forth herein its answers to the foregoing Paragraphs referenced in this Paragraph 54.

55. Responding to Paragraph 55, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

56. Responding to Paragraph 56, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

57. Responding to Paragraph 57, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

58. Responding to Paragraph 58, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

59. Responding to Paragraph 59, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

60. Responding to Paragraph 60, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

61. Responding to Paragraph 61, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

62. Responding to Paragraph 62, this Paragraph sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief section sets forth Plaintiffs' characterization of the relief sought and no response is required. To the extent a response is required, Defendant denies that any purported class qualifies for certification, denies any liability and that either Plaintiff is entitled to any relief for any claims, and denies the remaining allegations set forth in this section.

## JURY TRIAL DEMANDED

Plaintiffs' demand for a jury trial sets forth legal conclusions to which no response is required. Alternatively, to the extent a response is necessary, Defendant lacks knowledge or information sufficient to respond, and on that basis denies the same.

///

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**AFFIRMATIVE DEFENSES & DEFENSES**

Pursuant to Federal Rules of Civil Procedure 8(c), Defendant alleges the following as further and separate affirmative defenses to Plaintiffs' Second Amended Class Action Complaint:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim – Fed. R. Civ. P. 12)

The Second Amended Class Action Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Lack of Article III Standing)

Plaintiffs and/or putative class members lack standing, either individually or in a representative capacity, to assert the claims in the Complaint. Plaintiffs and/or putative class members have not suffered injuries in fact that are fairly traceable to the conduct alleged in the Second Amended Class Action Compla.

**THIRD AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The claims asserted in the Second Amended Class Action Complaint are barred, in whole or in part, by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Name Necessary and Indispensable Parties)

The claims asserted in the Second Amended Class Action Complaint are barred, in whole or in part, to the extent that necessary and indispensable parties have not been joined in this action under Fed. R. Civ. P. 19, thereby prohibiting the litigation and resolution of this proceeding among the parties presently before the Court. Defendant reserves the right to implead such parties.

///

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**FIFTH AFFIRMATIVE DEFENSE**

(Class Action Not Appropriate)

Plaintiffs' claims on behalf of the putative class are barred because this case is not maintainable as a class action under Fed. R. Civ. P. 23, as the proposed class does not satisfy that Rule's requirement.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

To the extent Plaintiffs and/or the putative class have suffered any damages, they have failed to take reasonable steps to mitigate those purported damages.

**SEVENTH AFFIRMATIVE DEFENSE**

(No Cognizable Injury)

Plaintiffs and/or the putative class members have incurred no cognizable injuries.

**EIGHTH AFFIRMATIVE DEFENSE**

(Limitation of Liability)

Plaintiffs' Second Amended Class Action Complaint and each of its causes of action are barred, in whole or in part, by limitation-of-liability provisions contained in the parties' agreements, including, but not limited to, terms of services to which Plaintiffs and/or the putative class have agreed.

**NINTH AFFIRMATIVE DEFENSE**

(Equitable Defenses)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or other equitable doctrines.

**TENTH AFFIRMATIVE DEFENSE**

(Intervening Acts of Third Parties)

The Second Amended Class Action Complaint and each of its causes of action are barred, in whole or in part, because any actual damages or risk of future

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

harm to Plaintiffs and/or putative class members proximately resulted from intervening acts for whom Defendant is not responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Impropriety of Class-Wide Declaratory or Injunctive Relief)

To the extent Plaintiffs seek injunctive relief, such relief is barred, including because Plaintiffs and the putative class have not suffered irreparable harm and/or there is no real, immediate, or ongoing threat of injury. Moreover, neither final injunctive relief nor corresponding declaratory relief is appropriate respecting the putative class as a whole because Defendant has not acted or refused to act on grounds that apply generally to the putative class.

**TWELFTH AFFIRMATIVE DEFENSE**

(Good Faith and Compliance with Laws and Regulations)

Plaintiffs' claims are barred in whole or in part because Defendant at all times acted in good faith and in compliance with applicable federal and state laws and regulations.

**RESERVATION OF DEFENSES**

Defendant does not currently have knowledge or information sufficient to form a belief as to any other potential defenses that may be available to it, and expressly reserves the right to amend or supplement this Answer and defenses, as well as to assert any and all additional or alternative defenses under any applicable state or federal law or regulations.

**PRAYER FOR RELIEF**

WHEREFORE, Prager prays for the following:

1. That judgment be entered in favor of Prager;
2. The Plaintiffs are awarded nothing;
3. The Prager be awarded costs and reasonable attorneys' fees from Plaintiff; and

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

4. Such other and further relief as this court may deem just and proper.

**JURY DEMAND**

In accordance with Federal Rule of Civil Procedure 38(b), Defendant demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: February 10, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: *<u>/s/ Michael J. Dailey</u>*
Craig J. Mariam
Michael J. Dailey
*Attorneys for Defendant*
*Prager University Foundation*