**HEDIN LLP**
Frank S. Hedin (SBN 291289)
535 Mission Street, 14th Floor
San Francisco, CA 94105
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-mail: fhedin@hedinllp.com

*Attorneys for Plaintiffs*

[Additional Counsel Appear on Signature Page]

CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
MICHAEL J. DAILEY (SBN: 301394)
mdailey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 270-7856
Facsimile: (213) 680-4470

*Attorneys for Defendant Prager University Foundation*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVIA CHANDRA AND DAMANY BROWNE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>PRAGER UNIVERSITY FOUNDATION,<br><br>*Defendant.* | Case No. 2:25-cv-03984-MCS-SK<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference**<br>**Date:** March 2, 2026<br>**Time:** 10:00 a.m.<br>**Courtroom:** 7C, 1st Street Courthouse<br>**Judge:** Hon. Mark C. Scarsi |

Pursuant to the Court's February 11, 2026 Order (ECF No. 44), Plaintiffs Sylvia Chandra and Damany Browne ("Plaintiffs"), and Defendant Prager University Foundation ("Defendant"), hereby provide this Joint Rule 26(f) Report.

**1. Statement of the Case:**

**Plaintiffs' Position:**

Plaintiffs allege that Defendant Prager University Foundation owns and operates its online and mobile applications, including prageru.com (the "Website"), through which Defendant creates and hosts a massive library of prerecorded videos on topics including philosophy, education, politics, and religion. Defendant also creates and hosts hundreds of educational and entertainment videos explicitly targeted to children through its PragerU Kids brand on its Website.

Unbeknownst to Plaintiffs and the Class Members, Defendant knowingly and intentionally discloses its users' personally identifiable information ("PII")—including a record of every video viewed by the user—to unauthorized third parties, including Facebook (now Meta Platforms, Inc.), without first complying with the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. (SAC ¶¶ 1-2, ECF No. 35.)

Specifically, when consumers request, or view audiovisual content from Defendant's Website or Apps, Defendant transmits their Personal Viewing Information to Facebook and other unauthorized third parties as a result of the tracking tools—including the Facebook Pixel and Conversions API—that Defendant purposely installed and implemented on its Website and Apps. (SAC ¶¶ 20-27.) The information transmitted includes the specific title of the video viewed alongside the consumer's unique, persistent Facebook ID, which readily identifies the individual to Facebook and any ordinary person who possesses it. (SAC ¶¶ 27-31.) None of this data is encrypted. (SAC ¶ 38.)

Plaintiffs each created accounts with Defendant by providing their email addresses and first and last names, and thereafter watched prerecorded videos on Defendant's Website. (SAC ¶¶ 6, 9.) Both Plaintiffs maintained Facebook accounts from the same browser used to watch videos on Defendant's Website, and their PII was transmitted to Facebook without their knowledge or consent. (SAC ¶¶ 8, 11-13.) Plaintiffs never consented to these disclosures. (SAC ¶ 43.)

The Court has already sustained Plaintiffs' claim. On January 27, 2026, the Court denied Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 41), finding that Plaintiffs adequately alleged a VPPA violation. The Court concluded that Plaintiffs sufficiently pleaded that Defendant is a "video tape service provider," that Plaintiffs are "consumers," and that Defendant knowingly disclosed PII to third parties. The Court also found that an ordinary person could readily identify individuals from the disclosed Facebook IDs combined with video viewing information.

Plaintiffs expect the merits will bear out the remainder of their allegations. Further, Plaintiffs expect that the requirements for class certification will be satisfied pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

**Defendant's Position:**

Plaintiffs assert a claim under the VPPA against Defendant because they watched free, still yet-to-be identified videos on Defendant's website. Contrary to the assertions above, Plaintiffs have not proven any of their claims. Discovery in this case will illustrate that—contrary to the assertions in Plaintiffs' Second Amended Complaint—(i) Plaintiffs are not "consumers" as defined by the VPPA; (ii) there was no knowing disclosure of PII; and (iii) Plaintiffs have no evidence that any of their PII was disclosed to anyone in an authorized manner. Moreover, Defendant maintains that Plaintiffs will be unable to certify any class of individuals

## 2. Subject Matter Jurisdiction:

Plaintiffs allege that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under a law of the United States (the VPPA). Plaintiffs also allege that this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the proposed Class consists of 100 or more members, the amount in controversy exceeds $5,000,000.00, exclusive of costs and interest, and minimal diversity exists between at least one Class Member and the Defendant.

## 3. Legal Issues:

**Plaintiffs' Statement:**

Plaintiffs bring a single claim against Defendant for violation of the VPPA. The relevant legal issues that are likely to arise include, but are not limited to:

- Whether the information disclosed constitutes "personally identifiable information" for the purposes of the VPPA;
- Whether Defendant is a "video tape service provider" to which Plaintiffs and Class Members are "consumers" for the purposes of the VPPA;
- Whether Defendant "knowingly" disclosed PII to Facebook, Google, TikTok, Twitter, and other third parties for the purposes of the VPPA;
- Whether the disclosures to Facebook and other third parties were made in the "ordinary course of business" for the purposes of the VPPA;
- Whether Plaintiffs or any particular Class Member consented to the disclosure of their PII in a form and manner compliant with the VPPA;
- Whether a Class can be certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); and
- Whether Plaintiffs and Class Members are entitled to damages pursuant to 18 U.S.C. § 2710(c)(2), and the amount of said damages.

4

**Defendant's Statement:**

Defendant denies that it has violated the VPPA, and disputes that Plaintiffs will be able to maintain a claim after discovery of the evidence in this case. The key legal issues in this case are:

    (a) Whether information concerning a non-transactional act is PII under the VPPA;

    (b) Whether Plaintiffs are statutory "consumers" under the VPPA;

    (c) Whether Defendant knowingly disclosed any PII;

    (d) Whether an "ordinary person" would be able to decipher any of the information from the cookies that Facebook allegedly installed on Plaintiffs' computers; and

    (e) Whether this matter can proceed as a class action under Rule 23.

**4. Parties, Evidence, etc.:**

**Plaintiffs:**

    Plaintiffs Sylvia Chandra and Damany Browne are the only parties relevant to the issues in this case on the Plaintiffs' side. Plaintiffs require discovery on, among other things: (1) Defendant's disclosure of personally identifiable information and video viewing information to third parties, which may entail a review of the source code of Defendant's Website and mobile applications; (2) Facebook's (Meta's), Google's, TikTok's, Twitter's, and other third parties' collection of personally identifiable information and video viewing information, which may entail a review of their source code and technical documentation; (3) documents and communications from Defendant's technology and marketing teams demonstrating whether Defendant made these disclosures knowingly and, if so, for what purpose; (4) documents and communications from Defendant's technology and marketing teams demonstrating the purposes and capabilities for which Facebook and other third parties collect or otherwise receive the information at issue; (5) the number and identity of Class

Members; and (6) documents pertaining to any affirmative defenses Defendant raises. Plaintiffs may also subpoena third parties for the foregoing information. Plaintiffs note that this list is preliminary in nature and may change as discovery commences.

Defendant Prager University Foundation is a Virginia corporation with its principal place of business in Sherman Oaks, California. For conflict purposes, Defendant should identify all subsidiaries, parents, and affiliates in its portion of this Report.

**Defendant:**

Plaintiffs are the key witnesses who control their yet-to-be-identified video viewing history from Defendant's website. Plaintiffs also refer to various third parties in their Complaint who allegedly viewed information from Defendant's website and are therefore also percipient witnesses. Defendant intends to seek information from these third parties. Defendant also will seek discovery of information from Meta (Facebook) concerning Plaintiffs' relationship with Meta, including Meta's alleged installation of a "cookie" on Plaintiffs' computers containing their Facebook ID. Defendant also will designate individuals with information concerning whether either Plaintiff subscribed to any services and who will further provide evidence and testimony that Plaintiffs are not "consumers" as defined by the VPPA. Defendant notes that this list is preliminary in nature and may change as discovery commences.

Defendant has already filed its required Corporate Disclosure Certification pursuant to Local Rule 7.1-1 (Dkt. No. 20) and notes that it has no parent company, and no other publicly held company or corporation owns 10% or more of its stock or equity.

**5. Damages:**

**Plaintiffs' Position:**

The VPPA provides for statutory damages of not less than $2,500 per violation. 18 U.S.C. § 2710(c)(2)(A). Given the potentially millions of Class Members, and the

estimated amount of traffic received by Defendants' website, the realistic range of provable damages is substantial, and very likely exceeds $5,000,000. Plaintiffs also seek reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 2710(c)(2)(B), as well as equitable and injunctive relief.

**Defendant's Position:**

Defendant states that Plaintiffs' claims in this case lack merit and do not entitle Plaintiffs to any relief whatsoever. Defendant further states that there is no class that could be certified under Rule 23.

**6. Insurance:**

Plaintiffs are not currently aware of the existence of any insurance coverage applicable to this case. Defendant should disclose whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

Defendant has insurance coverage and will provide such information to Plaintiffs as part of its initial disclosures.

**7. Motions:**

On November 18, 2025, Defendant filed a Motion to Dismiss the Second Amended Complaint for Failure to State a Claim or, in the Alternative, a Motion for More Definite Statement (ECF No. 36). On January 27, 2026, the Court denied Defendant's Motion (ECF No. 41). Defendant subsequently filed its Answer to the Second Amended Complaint on February 10, 2026 (ECF No. 43).

Plaintiffs intend to file a motion for class certification at the appropriate time. Plaintiffs do not currently anticipate filing motions to add other parties or claims, or to amend the pleadings. The Parties reserve the right to file motions for summary judgment, Daubert motions, and other pre-trial motions at the appropriate times.

**8. Dispositive Motions:**

The Parties anticipate that dispositive motions, including motions for summary judgment, may be appropriate after the completion of class certification proceedings

and merits discovery. The Parties propose a deadline for the filing of dispositive motions of 90 days after the Court's ruling on Plaintiffs' motion for class certification.

**9. Manual for Complex Litigation:**

Plaintiffs do not believe that all or part of the procedures of the Manual for Complex Litigation are necessary at this time. This is a single-claim VPPA class action, and standard class action procedures should be sufficient to manage the litigation.

**10. Status of Discovery:**

No formal discovery has been conducted to date. The parties have not yet exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The prior pendency of Defendant's Motion to Dismiss delayed the commencement of discovery. The motion was denied on January 27, 2026, and Defendant filed its Answer on February 10, 2026.

**11. Discovery Plan:**

Because this is a putative class action, Plaintiffs propose that the Court first set class certification dates and discovery dates, consistent with the Court's Class Certification Dates Worksheet. Plaintiffs propose the following discovery plan:

| Event | Proposed Date |
| --- | --- |
| Non-Expert Discovery Cut-Off | December 4, 2026 |
| Initial Expert Disclosures Related to Class Certification | September 4, 2026 |
| Rebuttal Expert Disclosures Related to Class Certification | October 16, 2026 |
| Expert Discovery Cut-Off | January 4, 2027 |

| Deadline to File a Motion for Class Certification | July 2, 2026 |
|---|---|
| Deadline to File an Opposition to the Motion for Class Certification | July 23, 2026 |
| Deadline to File a Reply | August 13, 2026 |
| Hearing Date on Motion for Class Certification | September 14, 2026 (Monday) |
| Initial Expert Disclosures on Issues Other than Class Certification | 14 days after the Court's ruling on Class Certification |
| Rebuttal Expert Disclosures on Issues Other than Class Certification | 30 days after the Court's ruling on Class Certification |
| Expert Discovery Cutoff (Non-Class Certification) | 60 days after the Court's ruling on Class Certification |

The above proposed dates are consistent with the Court's Class Certification Dates Worksheet, which provides that non-expert discovery should be set no later than 13 months from the filing of the Complaint (here, November 4, 2025) and expert discovery should be set no later than 14 months from the filing of the Complaint.

**12. Discovery Cut-off:**

As set forth in the discovery plan above, Plaintiffs propose a non-expert discovery cut-off date of December 4, 2026 (13 months from the filing of the Second Amended Complaint). This is the final day for completion of non-expert discovery, including resolution of all discovery motions.

9

**13. Expert Discovery:**

As set forth in the discovery plan above, Plaintiffs propose initial expert disclosures related to class certification by September 4, 2026, rebuttal expert disclosures related to class certification by October 16, 2026, and an expert discovery cut-off of January 4, 2027 (14 months from the filing of the Second Amended Complaint). Expert disclosures on issues other than class certification shall follow the Court's ruling on class certification, as set forth in the discovery plan table above.

**14. Settlement Conference / Alternative Dispute Resolution ("ADR"):**

The Parties have discussed the possibility of settlement but no offers have been made to date. The Parties have a preference for private mediation to complete ADR. No date has been set for mediation at this time.

The Parties select: **3. Private Mediation**

**15. Trial Estimate:**

Trial will be by jury. Because this is a putative class action, the Court will defer setting trial dates until class certification is resolved. Defendant estimates that the trial will last 7-10 days in light of the expert testimony that will be required if the case proceeds to trial. Plaintiff agrees with Defendant's estimate. Plaintiff agrees with Defendant's estimate, for trial by jury.

While discovery will better inform the Parties' estimated count of witnesses to be called at trial, Plaintiff contemplates calling approximately 8 witnesses and Defendant contemplates calling an equal amount although certain witnesses (e.g., Plaintiffs) will likely be called by Plaintiffs during their case-in-chief.

**16. Trial Counsel:**

<u>Plaintiffs:</u>

Frank S. Hedin (Hedin LLP)

Adrian Gucovschi (Gucovschi Law Firm, PLLC)

Nathaniel Haim Sari (Gucovschi Law Firm, PLLC)

**Defendant:**

Craig J. Mariam and Michael J. Dailey (Gordon Rees Scully Mansukhani, LLP)

**17. Independent Expert or Master:**

The Parties do not believe that the case is suitable for appointment of a special master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert at this time.

**18. Schedule Worksheet:**

As this is a putative class action, the Parties have completed the Schedule of Class Certification Dates Worksheet attached hereto, consistent with the Court's Order. The Court will defer setting any other dates until class certification is resolved.

**19. Other Issues:**

The Parties are not aware of any other matters that may affect the status or management of this case or that may facilitate the just, speedy, and inexpensive disposition of this matter at this time.

Respectfully submitted,

Dated: February 17, 2026

**Gucovschi Law Firm, PLLC**

By: /s/  Nathaniel Sari
 Adrian Gucovschi
 Nathaniel Haim Sari
 165 Broadway, FL 23
 New York, NY 10005
 Telephone: (212) 884-4230
 adrian@gucovschilaw.com
 nathaniel@gucovschilaw.com

– and –

|   |   |
|---|---|
|   | **HEDIN LLP** |
|   | Frank S. Hedin |
|   | Frank S. Hedin (SBN 291289) |
|   | 535 Mission Street, 14th Floor |
|   | San Francisco, CA 94105 |
|   | Telephone: (305) 357-2107 |
|   | Facsimile: (305) 200-8801 |
|   | fhedin@hedinllp.com |
|   | |
|   | *Counsel for Plaintiffs and the Putative Class* |
| Dated: February 17, 2026 | |
|   | **GORDON REES SCULLY MANSUKHANI, LLP** |
|   | By: /s/ Michael Dailey |
|   |     Craig J. Mariam |
|   |     Michael J. Dailey |
|   | |
|   | *Attorneys for Defendant Prager University Foundation* |

# JUDGE MARK C. SCARSI
## SCHEDULE OF CLASS CERTIFICATION DATES WORKSHEET

*For class actions, the Court will first set class certification dates and discovery dates. The Court will defer setting any other dates until class certification is resolved. Absent extraordinary circumstances, the Court will not bifurcate class discovery from merits discovery.*

**The Court ORDERS the parties to make every effort to agree on dates.**

| Class Certification<br>*Note: Hearings shall be on Monday at 9:00 A.M. Other dates can be any day of the week.* | Date<br>mm/dd/yyyy | Court Order<br>mm/dd/yyyy |
|---|---|---|
| **Non-Expert Discovery Cut-Off**<br>• *Set no later than 13 months from the date of the filing of the Complaint* | 12/04/2026 | |
| **Expert Disclosure (Initial)** | 09/04/2026 | |
| **Expert Disclosure (Rebuttal)** | 10/16/2026 | |
| **Expert Discovery Cut-Off**<br>• *Set no later than 14 months from the date of the filing of the Complaint* | 01/04/2027 | |
| **Deadline to File a Motion for Class Certification**<br>• *Set no later than 4 months from the Scheduling Conference* | 07/02/2026 | |
| **Deadline to File an Opposition to the Motion for Class Certification**<br>• *Set no later than 3 weeks from the filing of the Motion for Class Certification* | 07/23/2026 | |
| **Deadline to File a Reply**<br>• *Set no later than 3 weeks from the filing of the Opposition* | 08/13/2026 | |

| Hearing Date on Motion for Class Certification<br>• *Set no later than 3 weeks from the filing of the Reply* | 09/14/2026 | |
|---|---|---|