Frank S. Hedin (SBN 291289)
Hedin LLP
1395 Brickell Ave, Ste 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Counsel For Plaintiffs & Putative Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA CHANDRA; and DAMANY BROWNE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PRAGER UNIVERSITY FOUNDATION, <br><br> Defendant. | No. 2:25-cv-03984-MCS-SK <br><br> **PLAINTIFFS' CORRECTED UNOPPOSED MOTION FOR RECONSIDERATION OF ORDER IMPOSING SANCTIONS (ECF No. 51)** <br><br> Hon. Mark C. Scarsi <br><br> Hearing Date & Time: April 20, 2026 at 9:00 a.m. |

Plaintiffs Sylvia Chandra and Damany Browne respectfully submit this unopposed motion for reconsideration of the Court's March 3, 2026 order imposing sanctions on Plaintiffs' counsel (ECF No. 51 (the "Order")).

## BACKGROUND

On May 5, 2025, Plaintiff initiated this action against Defendant Prager University Foundation. (ECF No. 1.)

On February 11, 2026, the Court issued an Order setting an in-person scheduling conference for March 2, 2026 at 10:00 a.m. (ECF No. 44.)

On February 28, 2026, Plaintiffs' counsel purchased airfare to travel to and from Los Angeles, California for the scheduling conference on March 2, 2026. *See* Declaration of Frank S. Hedin ("Hedin Decl.") ¶ 8. Due to a time zone-related mix-up, Plaintiffs' counsel mistakenly booked a flight to Los Angeles on March 2, 2026 that would have arrived shortly after 10:00 a.m. PT, the time the hearing was scheduled to begin. When he booked this ticket, Plaintiffs' counsel mistakenly thought that the hearing was scheduled to commence at 1:00 p.m. PT because 1:00 p.m. was the time identified for the hearing on counsel's computer calendaring system; counsel did not realize the computer's calendaring system had already factored in the time difference between the Eastern time zone, where counsel resides and works and where his computer was located, and the Pacific time zone, where the hearing was scheduled to occur. Hedin Decl. ¶ 8.

In the evening of February 28, 2026, Plaintiffs' counsel suffered a serious medical issue that prevented him from traveling to Los Angeles, California for the hearing on March 2. *Id.* ¶ 9. Thus, on March 1, 2026, Plaintiffs filed a motion for leave to appear at the March 2 hearing remotely, accompanied by a declaration from counsel. (ECF No. 48.)

On March 2, 2026, the Court held the scheduling conference. Plaintiffs' counsel was not in attendance. Following the hearing, the Court issued a minute entry stating, in pertinent part, that "[t]he Court will issue an order to show cause why sanctions should not be issued for their failure to appear at today's hearing." (ECF No. 50.)

On March 3, 2026, before any order was issued for Plaintiffs' counsel to show cause why he should not be sanctioned, the Court issued the Order imposing

sanctions. (ECF No. 51.) The Order imposed sanctions on Plaintiffs' counsel pursuant to Rule 16(f)(2) by ordering Plaintiffs' counsel to pay Defendant its "reasonable expenses it incurred because of counsel's nonappearance, including but not limited to attorney's fees incurred to attend the hearing." *Id.* at 2. The Order further stated: "If the parties agree on the measure of the sanction, Plaintiffs' counsel shall pay the agreed sum, and the parties shall file within 14 days a joint statement indicating Plaintiffs' counsel completed the payment." *Id.*

On March 3, 2026, Plaintiffs' counsel contacted Defendant's counsel by e-mail to request the total amount of "the reasonable expenses it incurred because of counsel's nonappearance, including but not limited to attorney's fees incurred to attend the hearing." Hedin Decl. ¶ 12.  On March 14, 2026, Defendant's counsel advised Plaintiffs' counsel by e-mail that the expenses reasonably incurred by Defendant's counsel, including the attorneys' fees expended and travel costs incurred by Defendant's counsel to attend the hearing, totaled $4,362.36. *Id.* ¶ 14.  On March 16, 2026, Plaintiffs' counsel sent Defendant's counsel a wire transfer in the amount of $4,362.36, which Defendant's counsel has confirmed was received. *Id.* ¶ 15.  And later that day, Plaintiffs filed a joint statement advising the Court of the foregoing, as directed by the Order. (ECF No. 53.)

### APPLICABLE LEGAL STANDARD

A motion for reconsideration under Local Rule 7-18 may be made on the following grounds: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time

- 3 –

of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. *See* L.R. 7–18.  Moreover, in addition to Local Rule 7-18, "[a] district court's authority to rescind an interlocutory order over which it has jurisdiction is an inherent power rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

## BASIS FOR THE RELIEF SOUGHT

As a threshold matter, Plaintiffs' counsel is extremely embarrassed about his nonappearance at the March 2, 2026 scheduling conference in this matter and sincerely apologizes to the Court and its staff and to Defendant and its counsel for the time and expense wasted because of his nonappearance. Hedin Decl. ¶ 7. Plaintiffs' counsel has been a practicing attorney for over 12 years, during which time he has appeared in over 300 cases in state and federal courts. *Id.*  Prior to the issuance of the sanctions Order in the instant matter, he had never been sanctioned by any court in any matter.[1] *Id.* ¶ 8.

Undersigned counsel's failure to appear at the hearing was the result of a clumsy but honest scheduling mistake he made in booking airfare, likely attributable to him being sleep deprived (and exhausted) from having spent each night over the preceding several weeks helping his wife attend to their newborn son, as well as an unfortunate and unforeseeable situation involving a bee sting that required Plaintiffs'

---

[1]    Further, prior to the issuance of the Order, only once had any lawyer of undersigned counsel's law firm ever been sanctioned, *see Wissel v. Rural Media Grp., Inc.*, No. 4:24-cv-00999 (N.D. Tex.), and the order imposing sanctions in that instance was subsequently reversed by the United States Court of Appeals for the Fifth Circuit. *See Wissel v. Rural Media Grp., Inc.*, No. 25-10424, 2025 WL 1824823 (5th Cir. July 2, 2025). Hedin Decl. ¶ 8.

- 4 –

counsel to seek serious medical attention approximately 36 hours before the hearing. *Id.* ¶¶ 9-10. Because counsel's failure to attend the March 2, 2026 hearing was not the product of any bad faith, but rather was the result of a scheduling screw-up and a serious medical-related issue, Plaintiffs respectfully request that the Court reconsider the Order and decline to impose sanctions on their counsel. *See* L.R. 7-18(b); *City of Los Angeles, Harbor Div.*, 254 F.3d at 887.

Additionally, reconsideration of the Order is separately warranted because Plaintiffs' counsel was not adequately notified or afforded an opportunity to be heard before the Court issued the Order. As recounted above, after the Court issued its post-hearing minute entry on March 2, 2026, stating that "[t]he Court will issue an order to show cause why sanctions should not be issued for [counsel's] failure to appear at today's hearing" (ECF No. 50), the Court opted not to issue an order to show cause after all and instead issued the Order imposing sanctions (ECF No. 51) straight away. It is well established that, "[p]rior to the imposition of sanctions under Rule 16(f), a party must be afforded notice and an opportunity to be heard." *Whitfield v. Pick Up Stix, Inc.*, No. 10-CV-00099-ECR, 2011 WL 3875330, at *1 (D. Nev. Sept. 11, 2011) (citing *Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir. 1990)).

Notably, had the Court issued an order to show cause before issuing the Order imposing sanctions, Plaintiffs' counsel would have responded to the order by taking full responsibility for his nonappearance, by contacting Defendant's counsel to determine the total amount of the fees and expenses he incurred to attend the March 2, 2026 hearing, and by voluntarily paying Defendant's counsel the full amount, Hedin Decl. ¶ 12 – actions which would have, as this Court has previously found in analogous circumstances, satisfied the order to show cause and avoided the issuance

– 5 –

of the Order imposing sanctions. *See Garcia v. Signet Jewelers Ltd. Et al.*, No. 2:25-cv-06358-MCS-SSC (C.D. Cal.) (no sanctions imposed where the court issued an order for plaintiff's counsel to show cause why he should not be sanctioned for failing to appear at a hearing on defendants' motion to dismiss (docket entry 22), after which plaintiff's voluntarily agreed to reimburse (docket entry 23), and then did in fact reimburse (docket entry 25), defendants' counsel for the time and expense he had incurred attending the hearing).

The Court should thus reconsider the Order to afford Plaintiffs' counsel an opportunity to be heard prior to being sanctioned, and then decline to impose sanctions in view of counsel's declaration stating that he would have voluntarily paid Defendant the fees and expenses incurred by its counsel had he been given the opportunity. *See* L.R. 7-18(b)-(c); *City of Los Angeles, Harbor Div.*, 254 F.3d at 887; *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) (noting that reconsideration warranted where an earlier decision "represented clear error or would work a manifest injustice") (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)); *see also, e.g., Garcia,* No. 2:25-cv-06358-MCS-SSC (at docket entries, 22-23 & 25).[2]

---

[2]   To be clear, the focus of this motion is solely on the Court's imposition of a "sanction" on Plaintiffs' counsel. This motion does not seek to recover any portion of the reimbursed costs and expenses that Plaintiffs' counsel paid to Defendant's counsel on March 16, 2026. To the contrary: Plaintiffs and their counsel agree that Defendant is entitled to full reimbursement of that amount by Plaintiffs' counsel, as those fees and expenses were incurred as a result of Plaintiff's counsel's nonappearance at the March 2, 2026 hearing (and as previously stated, Plaintiffs' counsel would have paid this money to Defendant voluntarily in response to an order to show cause).

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider the Order (ECF No. 51) and decline to impose sanctions on their counsel.

Dated: March 17, 2026          Respectfully submitted,

By: /s/ Frank S. Hedin
Frank S. Hedin
Attorney for Plaintiffs

## ATTESTATION OF CONCURRENCE

I, Frank S. Hedin, attest that I conferred with Defendant's counsel concerning this motion, and that Defendant's counsel advised me that Defendant does not oppose the relief sought herein.

Dated: March 17, 2026

By: /s/ Frank S. Hedin
Frank S. Hedin
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The foregoing document was filed electronically using the Court's CM/ECF docketing system on March 17, 2026, which provides service to all counsel of record electronically.

Dated: March 17, 2026

By: /s/ Frank S. Hedin
Frank S. Hedin
Attorney for Plaintiff