UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03984-MCS-SK** | Date | April 13, 2026 |
| Title | *Chandra v. Prager Univ. Found.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: MOTION FOR RECONSIDERATION (ECF NO. 56)**

Plaintiffs Sylvia Chandra and Damany Browne move for reconsideration of the Court's order imposing sanctions on their counsel, Frank S. Hedin, for his failure to attend the scheduling conference on March 2, 2026. (Mot., ECF No. 56.) The motion is unopposed.

Local Rule 7-18 authorizes only three grounds upon which a motion for reconsideration may be brought:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

---

Page 1 of 3             CIVIL MINUTES – GENERAL             Initials of Deputy Clerk SMO

C.D. Cal. R. 7-18. "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

Plaintiffs have identified no basis for reconsideration under Local Rule 7-18; instead, they ask the Court to exercise its "authority to rescind an interlocutory order" based on the Court's inherent power. (Mot. 4 (quoting *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001)).) "Rule 54(b) and the Court's inherent power serve as arrows in the Court's quiver," not in any party's. *Zahedi v. Miramax, LLC*, No. 2:20-cv-04512-MCS-E, 2022 U.S. Dist. LEXIS 184399, at *6 (C.D. Cal. Aug. 19, 2022) (Scarsi, J.). In any event, Plaintiffs argue the Court should exercise this inherent authority because their counsel's failure to attend the scheduling conference was not a product of bad faith, and that their counsel should have been given an opportunity to respond in writing before the Court imposed sanctions. (Mot. 4–6.) The only sanction the Court imposed was for counsel to reimburse Defendant for the reasonable expenses it incurred because of counsel's nonappearance, as mandated by Federal Rule of Civil Procedure 16(f)(2). (Order 2, ECF No. 51.) While Plaintiffs ask the Court to reconsider its decision to impose this sanction, they also concede Defendant was entitled to it. (Mot. 6 n.2 ("This motion does not seek to recover any portion of the reimbursed costs and expenses that Plaintiffs' counsel paid to Defendant's counsel on March 16, 2026. To the contrary: Plaintiffs and their counsel agree that Defendant is entitled to full reimbursement of that amount by Plaintiff's counsel . . . .").) Based on this concession, it is unclear what Plaintiffs are asking the Court to do: on the one hand, they want the Court to reconsider its order imposing sanctions, but on the other, they agree that Defendant was entitled to the only sanction the Court imposed.

It is plausible that Plaintiffs disagree with the Court's characterization of the mandatory reimbursement of reasonable expenses as a "sanction," but they have not pointed the Court to any authority supporting that position. Indeed, the entirety of Rule 16(f)(2) reads as follows:

> *Instead of or in addition to any other sanction*, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2) (emphasis added). The rule's use of the prefatory phrase "[i]nstead of or in addition to any other sanction" suggests that what follows is itself a "sanction." *Cf., e.g.*, *Act Now to Stop War & End Racism Coal. v. District of Columbia*, 286 F.R.D. 145, 148–49 (D.D.C. 2012) (referring to "Rule 16(f)(2) *sanctions*" (emphasis added)); *Glob. Med Grp., LLC v. New High Ltd.*, No. CV 22-6031 CAS (PVCx), 2023 WL 8125839, at *4 (C.D. Cal. Oct. 5, 2023) (same).

Because Plaintiffs have not presented a persuasive reason for the Court to reconsider its prior order imposing Rule 16(f)(2)'s mandatory sanction of reimbursement of reasonable expenses on their counsel, the motion is denied.

**IT IS SO ORDERED.**