Frank S. Hedin (SBN 291289)
Hedin LLP
1395 Brickell Ave., Ste 610
Miami, FL 33131
Tel: (305) 357-2107
fhedin@hedinllp.com

*Counsel for Plaintiffs and Putative Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA CHANDRA AND DAMANY BROWNE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRAGER UNIVERSITY FOUNDATION,<br><br>Defendant. | Case No. 2:25-cv-03984-MCS-SK<br><br>**DECLARATION OF FRANK S. HEDIN IN SUPPORT OF PLAINTIFFS' UNOPPOSED REQUEST FOR EXTENSION OF TIME TO FILE MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT**<br><br>Judge: Hon. Mark C. Scarsi<br>Mag. Judge: Hon. Steve Kim |

I, Frank S. Hedin, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and based on my own personal knowledge, that the following statements are true:

1. I am a member in good standing of the State Bar of California and am authorized to practice before this Court.

2. I represent Plaintiffs Sylvia Chandra and Damany Browne and the putative Class in the above-entitled action.

3. I submit this declaration in support of Plaintiffs' unopposed request for extension of time to file a motion for preliminary approval of the parties' settlement.

4. On June 16, 2026, the parties attended a lengthy mediation in this matter overseen by the Hon. Gerald E. Rosen (Ret.) of JAMS (Detroit). At the conclusion of the mediation, the parties reached an agreement on the material terms of a proposed class-action settlement, which they memorialized in a binding term sheet in the weeks following the mediation with the continued assistance of Judge Rosen.

5. On July 2, 2026, Plaintiffs filed a notice of settlement, advising the Court that the parties had reached a settlement of this matter. (ECF No. 60.)

6. On July 6, 2026, the Court entered an Order dismissing this case without prejudice, vacating all hearings and deadlines, and directing the filing of any motion for preliminary approval of a class settlement within forty-five (45) days. (ECF No. 62.) The Court's Order further stated that the Court retained jurisdiction to reopen the action for a showing of good cause to the extent additional time is necessary to complete the settlement. *See id.* The 45-day period expires on August 20, 2026. *See id.*

7. My law firm and co-counsel are presently working diligently and cooperatively with our clients and with Defendant's counsel to complete and execute a formal settlement agreement comprised of the material terms from the parties' binding term sheet in addition to other necessary terms.

8. My law firm has prepared the formal settlement agreement, solicited class notice and settlement administration proposals for the administration of the settlement and prepared a near-final draft of a motion for preliminary approval that will be ready for filing as soon as a proposed administrator is selected and the settlement agreement is executed. We anticipate this could take at most an additional two weeks to complete.

9. I regret and apologize to the Court for the delay in this process, and I assure the Court that my firm and co-counsel are working diligently to complete it. The parties' binding term sheet took a bit longer than expected to finalize and execute, but with Judge Rosen's continued assistance, the parties were able to resolve certain disputed issues that remained outstanding at the conclusion of the mediation.

Additionally, shortly after the parties' term sheet was executed, I suffered an injury while traveling that prevented me from finalizing certain aspects of a draft of the formal agreement for defense counsel's review as soon as had previously been expected.

10. No party, class member, or other person will be prejudiced by the brief extension requested herein. To the contrary, extending the time for the filing of Plaintiffs' forthcoming motion for preliminary approval will serve the interests of the numerous putative class members who stand to recover meaningful monetary relief should the settlement ultimately meet with the Court's approval.

11. This is the first request by any party to extend a deadline in the Court's July 6 Order; no prior request has been made, granted, or denied to extend any deadline in that Order; and this request is made in good faith and not for any purpose of delay.

12. My co-counsel and I have conferred with counsel for Defendant, Michael Dailey of Gordon Rees Scully Mansukhani, LLP, who indicated that his client does not oppose the relief requested herein.

Executed this 20th day of August, 2026, in Miami, Florida.

/s/ *Frank S. Hedin*
Frank S. Hedin