Frank S. Hedin (SBN 291289)
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

Adrian Gucovschi (State Bar No. 360988)
Nathaniel Haim Sari (State Bar No. 362634)
GUCOVSCHI LAW FIRM, PLLC.
140 Broadway, Floor 46
New York, NY 10005
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
E-Mail: adrian@gucovschilaw.com
nathaniel@gucovschilaw.com

*Counsel for Plaintiffs and Proposed Settlement Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SYLVIA CHANDRA and DAMANY BROWNE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PRAGER UNIVERSITY FOUNDATION,

Defendant.

Case No. 2:25-cv-03984-MCS-SK

**DECLARATION OF ADRIAN GUCOVSCHI IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Adrian Gucovschi, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and based on my own personal knowledge, that the following statements are true:

1. I am the founding partner of Gucovschi Law Firm, PLLC ("GLF"). I am a member in good standing of the bars of the State of New York and the State of California, and I am admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York and the Northern and Central Districts of California.

2. I am counsel of record for Plaintiffs Sylvia Chandra and Damany Browne ("Plaintiffs") and the proposed Settlement Class in the above-captioned matter, and GLF is proposed Class Counsel together with Hedin LLP. I make this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion") and, in particular, to provide the information concerning attorneys' fees called for by Section 10(e) of the Court's Initial Standing Order (ECF No. 11). If called upon to testify, I could and would competently testify to the matters set forth herein. Capitalized terms not defined herein have the meanings given to them in the Settlement Agreement (the "SA"), which is attached as Exhibit 1 to the Declaration of Frank S. Hedin filed concurrently herewith (the "Hedin Decl.").

## I. GUCOVSCHI LAW FIRM'S QUALIFICATIONS

3. GLF is headquartered in New York, New York, and represents consumers in class actions in state and federal courts nationwide, with a focus on consumer-protection and privacy litigation. In recent years the firm has filed approximately eighty consumer-protection class actions and has prevailed on the majority of the contested motions in those cases. A true and correct copy of GLF's firm resume, which includes my biography and that of Nathaniel Haim Sari, is attached hereto as Exhibit A.

4. GLF has repeatedly been appointed class counsel on behalf of nationwide and multistate classes, including in actions under the Video Privacy Protection Act ("VPPA"). *See, e.g.*, *Carbone v. Limited Run Games, Inc.*, No. 2:24-cv-08861-NJC-JMW (E.D.N.Y. Nov. 21, 2025), ECF No. 21 (adopting in part report and recommendation,

granting preliminary approval, and appointing GLF, then known as Gucovschi Rozenshteyn, PLLC, and its co-counsel as class counsel in a nationwide VPPA class action resolved through a $2,720,000 settlement fund), and ECF No. 29 (E.D.N.Y. Mar. 11, 2026) (granting final approval and the full requested fee); *Burdette v. FuboTV, Inc.*, No. 2024LA001460 (Cir. Ct. DuPage Cnty., Ill. May 29, 2025) (granting preliminary approval and appointing GLF and its co-counsel as class counsel for a nationwide VPPA class arising from a leading streaming platform); *Winston v. Peacock TV LLC*, No. 23-cv-8191 (S.D.N.Y. Nov. 21, 2024), ECF No. 47 (granting final approval and appointing GLF, then known as Gucovschi Rozenshteyn, PLLC, and its co-counsel as class counsel for a California Automatic Renewal Law class); *O'Malley v. FloSports, Inc.*, No. 2023LA000516 (Cir. Ct. DuPage Cnty., Ill. Feb. 28, 2024) (granting final approval and appointing GLF as class counsel for a multistate Automatic Renewal class); *Bell v. CVS Pharmacy, Inc.*, No. 21-cv-6850 (PK) (E.D.N.Y. July 18, 2023), ECF No. 61 at 6 (finding that GLF, then known as Gucovschi Rozenshteyn, PLLC, and its co-counsel "are qualified, experienced, and have been actively involved throughout the pendency of this litigation"); *Dutcher v. NewRez LLC*, No. 21-2062, 2022 U.S. Dist. LEXIS 194706, at *15–16 (E.D. Pa. Oct. 20, 2022) (granting final approval and noting that "Class Counsel recovered the statutory maximum amount recoverable under the Fair Debt Collection Practices Act").

5. Nathaniel Haim Sari, the GLF attorney whose time makes up the lodestar described below, is admitted to practice in New York, California, Florida, and the District of Columbia, and before the United States District Courts for the Northern and Central Districts of California and the Middle and Southern Districts of Florida. Before joining GLF, Mr. Sari was a partner at an established law firm, where he prosecuted and defended complex civil matters involving fraud, business disputes, real estate, insurance coverage, and defamation. He has civil trial experience, has prevailed as lead counsel in multiple matters in which the amount sought exceeded $10,000,000, and in 2020 was recognized

as a "Rising Star" by Super Lawyers, an honor afforded to no more than 2.5% of eligible attorneys in Florida. *See* Exhibit A.

**II. GLF'S WORK IN THIS ACTION**

6. GLF has worked closely with Hedin LLP at every stage of this Action. Before suit was filed, Mr. Sari examined the PragerU website and the data transmissions that occur behind the scenes when a logged-in user watches a video, in order to assess whether Defendant's use of the Meta Pixel violated the VPPA and whether arbitration or other contractual defenses would apply; conferred with Ms. Chandra and reviewed the materials she provided concerning her PragerU account and viewing; and drafted and edited the original Class Action Complaint with co-counsel. ECF No. 1.

7. In July 2025, GLF communicated with Mr. Browne and reviewed the materials he provided concerning his PragerU account and viewing. After Defendant filed its first motion to dismiss (ECF No. 19), GLF analyzed Defendant's motion and the authorities on which it relied, and drafted and revised the First Amended Complaint, which added Mr. Browne as a plaintiff. ECF No. 21.

8. GLF researched and drafted Plaintiffs' opposition to Defendant's motion to dismiss the First Amended Complaint (ECF Nos. 25, 28), prepared for the hearing on that motion, and Mr. Sari traveled from Miami to Los Angeles and argued the motion on Plaintiffs' behalf on October 6, 2025. After the Court granted the motion with leave to amend (ECF No. 34), GLF re-examined the PragerU website and its Pixel transmissions in light of the Court's order and, with co-counsel, drafted the Second Amended Complaint, which Plaintiffs filed on November 4, 2025. ECF No. 35.

9. GLF likewise researched and drafted Plaintiffs' opposition to Defendant's motion to dismiss the Second Amended Complaint (ECF No. 36), prepared for the hearing, and Mr. Sari again traveled to Los Angeles and argued the motion on January 5, 2026. The Court denied that motion on January 27, 2026. ECF No. 41.

10. In advance of the June 16, 2026 mediation before the Hon. Gerald E. Rosen (Ret.), GLF reviewed the insurance policy produced by Defendant and evaluated its bearing on settlement, reviewed the relevant filings and the developing VPPA case law, and Mr. Sari attended the full-day mediation. GLF thereafter drafted the notice of settlement (ECF No. 60), prepared the initial drafts of Plaintiffs' request for an extension of time to file this Motion and its supporting papers (ECF No. 63). I personally reviewed and commented on the Settlement Agreement, its exhibits, and this Motion; no time is claimed for that work.

11. GLF undertook this representation on a wholly contingent basis, and the risk of non-payment has been substantial throughout. There were significant uncertainties in the viability of this case as a class action and in the merits of the underlying claims—including the unsettled meaning of "personally identifiable information" after *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025), *cert. denied*, No. 25-228 (U.S. Dec. 8, 2025), and Defendant's contentions that it is not a "video tape service provider," that users of its free website are not "consumers," and that it did not "knowingly" disclose anyone's personally identifiable information—each of which is described in the Hedin Decl. ¶¶ 10–14. Although we believed the case to be meritorious, a realistic assessment showed that the risks inherent in litigating the liability issues through class certification, summary judgment, trial, and the probable appeals were great.

12. Based on my experience in consumer and privacy class actions, including VPPA actions, and my knowledge of the risks described above and in the Hedin Decl., I consider the Settlement—a non-reversionary, all-cash $600,000 Settlement Fund for a Settlement Class of approximately 35,000 persons, reached through arm's-length negotiations before an experienced neutral after Plaintiffs had defeated Defendant's motion to dismiss the operative complaint and obtained the information needed to evaluate the claims—to be a fair, reasonable, and adequate result, and an excellent one for the Settlement Class.

13. Both Plaintiffs have communicated directly with GLF as well as with Hedin LLP. Ms. Chandra conferred with Mr. Sari and provided materials concerning her PragerU account and viewing before the Complaint was filed, and Mr. Browne did the same before the First Amended Complaint was filed. To my knowledge, each Plaintiff provided counsel with the factual information underlying his or her claims, remained in communication with counsel throughout the litigation and the settlement negotiations, and reviewed and approved the Settlement Agreement. *See* Hedin Decl. ¶ 20. The activities performed by each Plaintiff, and the hours each devoted to them as reported by each Plaintiff to Class Counsel, are set out in Table 3 of Exhibit B.

## III. THE ATTORNEYS' FEE AWARD CLASS COUNSEL WILL SEEK (STANDING ORDER § 10(e))

14. The Settlement Agreement permits Class Counsel to apply for an Attorneys' Fee Award of up to one-third of the Settlement Fund ($200,000.00), inclusive of all costs and expenses. SA ¶ 65. Class Counsel intend to apply for a total Attorneys' Fee Award of $124,728.73, consisting of (a) $113,550.00 in attorneys' fees—GLF's lodestar to date, without any multiplier—all of which is attributable to GLF's work in this Action, and (b) $11,178.73 in out-of-pocket litigation expenses incurred by Hedin LLP, as itemized in Hedin Decl. ¶ 19 & Ex. 3. Hedin LLP seeks no attorneys' fees, and GLF seeks no reimbursement of its own out-of-pocket expenses. The $113,550.00 in fees represents approximately 18.9% of the Settlement Fund, and the total request of $124,728.73 represents approximately 20.8% of the Settlement Fund—below the 25% benchmark applied in this Circuit.

15. GLF's lodestar in this Action consists of Mr. Sari's time. As of the date of this declaration, Mr. Sari has recorded 151.4 hours on this matter, which, at his hourly rate of $750, equates to a lodestar of $113,550.00. I have not included any of my own time in the lodestar, although I supervised the Action, participated in the strategic decisions described above, and communicated regularly with co-counsel.

16. The $113,550.00 in fees that Class Counsel will request is therefore equal to GLF's lodestar to date; no multiplier is sought. Because Mr. Sari traveled from Miami to argue both motions to dismiss in person before this Court, that travel time was necessary to the representation. The request is also intended to compensate GLF for all of its work through final approval and the completion of settlement administration. I estimate that GLF will incur at least an additional fifty (50) hours of attorney time, or approximately $37,500.00 at Mr. Sari's rate, preparing Plaintiffs' motion for final approval and Class Counsel's fee application, preparing for and attending the Final Approval Hearing, coordinating with the Settlement Administrator, Simpluris, Inc., monitoring the administration of the Settlement, and responding to Settlement Class Member inquiries. Class Counsel will not seek any fee for that future work beyond the $113,550.00 requested. Including the estimated future work, the requested fee represents approximately 75% of GLF's total anticipated lodestar of $151,050.00.

17. Mr. Sari's time was recorded contemporaneously pursuant to firm policy and is maintained in GLF's records. I have personally reviewed all of GLF's time entries for this matter and have exercised billing judgment to ensure that duplicative and unnecessary time has been excluded and that only time reasonably devoted to the litigation is included. Class Counsel will submit the detailed time entries, together with any further adjustments for billing judgment, with their fee application in advance of the Final Approval Hearing.

18. Attached hereto as Exhibit B is a chart prepared in compliance with Section 10(e) of the Court's Initial Standing Order and in the format of Exhibit B to that Order. It sets forth GLF's hours and fees by task (Table 1), by timekeeper (Table 2), the estimate of future work described above, and the basis for the Service Awards Plaintiffs will seek, including the activities performed and the hours worked by each Plaintiff (Table 3). A copy of Exhibit B in unrestricted, editable Microsoft Excel format is being emailed to mcs_chambers@cacd.uscourts.gov concurrently with the filing of this Motion.

19. The $750 hourly rate at which Mr. Sari's time is recorded is GLF's current hourly rate for his time. Based on my knowledge and experience, that rate is within—and toward the lower end of—the range of market rates charged by attorneys of equivalent experience, skill, and expertise for comparable class-action work in this District. I have personal knowledge of the range of hourly rates typically charged by counsel in our field in New York and California, the two markets in which GLF principally litigates, both currently and in the past. In determining GLF's hourly rates from year to year, my colleagues and I have consciously taken market rates into account and have aligned our rates with the market.

20. Through my practice, I have become familiar with the non-contingent market rates charged by attorneys in New York, California, and elsewhere. This familiarity has been obtained in several ways: (i) by litigating attorneys' fee applications in class actions; (ii) by discussing fees with other attorneys, including the firms with which GLF regularly co-counsels; (iii) by reviewing declarations regarding prevailing market rates filed by other attorneys seeking fees; and (iv) by reviewing attorneys' fee applications and awards in other cases, as well as surveys and articles on attorneys' fees in the legal press. The information I have gathered shows that Mr. Sari's rate is in line with—and below—the non-contingent market rates charged by attorneys of reasonably comparable experience, skill, and reputation for reasonably comparable class-action work. Indeed, comparable and higher hourly rates have been found reasonable by courts in this District and elsewhere in California, including: (i) *Gramstad v. Ventura Foods, LLC*, No. 8:22-cv-02290 (C.D. Cal. Feb. 14, 2025), which treated the 2024 Real Rate Report as "a useful guidepost" for measuring the reasonableness of hourly rates in this District, observed that "[f]or litigation hourly rates in Los Angeles, the Real Rate Report documents a range of $548 (first quartile) to $1,268 (third quartile) for partners and $477 (first quartile) to $946 (third quartile) for associates," and found that hourly rates of $950 for partners, $700 for associates, and $750 for attorneys with thirteen years of experience fell within that range,

relying on them in its lodestar cross-check of the fee award; (ii) *Smith v. Apple, Inc.*, No. 21-cv-09527-HSG, 2025 WL 1266927 (N.D. Cal. May 1, 2025), finding rates of "$1000 to $1,300 for senior attorneys, $450 to $850 for associates" to be "in line with prevailing rates in this district in similar cases for personnel of comparable experience, skill, and reputation"; (iii) *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018), in which counsel's rates "range[d] from $650 to $1,250 for partners or senior counsel, from $400 to $650 for associates," and the court found "that these rates are reasonable"; and (iv) *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017), approving a fee award computed on billing rates "ranging from $275 to $1600 for partners, $150 to $790 for associates."

21. The reasonableness of Mr. Sari's rate is also supported by published surveys and reports of legal rates, which reflect a national market in which rates far above $750 per hour are routine at large firms: (i) in an article entitled "Elite Law Firm Billing Rates Continue to Outpace Economy," written by Tracey Read and published by Law360 on October 9, 2025, the author reports that "[t]he blended hourly rate for the top 100 law firms in the United States rose by 8.3% in the first six months of 2025, reaching $1,145 per hour," that "partners at the top 25 firms charged an average of $1,635 per hour," and that "associates at top 25 firms billed $1,065 an hour" (a true and correct copy of this article is attached hereto as Exhibit C); (ii) in an article entitled "Big Law Rates Topping $2,000 Leave Value 'In Eye of Beholder,'" written by Roy Strom and published by Bloomberg Law on June 9, 2022, the author describes how some of the nation's top law firms have crossed the $2,000-per-hour mark and reports that "[l]aw firm rates rose by roughly 40 percent from 2007 to 2020, or just short of 3 percent per year" (a true and correct copy of this article is attached hereto as Exhibit D); (iii) the 2022 CounselLink Enterprise Legal Management Trends Report states that the median partner rate in New York State was $1,030 (a 4.5% year-over-year increase), that median partner rates in the

San Francisco and New York metropolitan areas grew 4.0% and 4.3%, respectively, and that partner hourly rates grew 3.4% on average across the United States in 2021 (a true and correct copy of this report is attached hereto as Exhibit E); and (iv) in an article entitled "On Sale: The $1,150-Per-Hour Lawyer," written by Jennifer Smith and published in the Wall Street Journal on April 9, 2013, the author describes the rapidly growing number of lawyers billing $1,150 or more per hour revealed in court filings and other public disclosures—more than 320 in the first quarter of 2013 alone—and reports that in that quarter the 50 top-grossing U.S. law firms billed their partners at an average rate between $879 and $882 per hour (a true and correct copy of this article is attached hereto as Exhibit F).

22. No court has ever reduced GLF's fee application on the ground that its hourly rates were not reasonable.

## IV. ADDITIONAL RULE 23(e) MATTERS

23. Neither I nor any attorney or employee of GLF has any relationship with the Electronic Privacy Information Center, the proposed cy pres recipient, and I am aware of no connection between anyone at GLF and that organization that could create the impression of any impropriety in its selection.

24. Other than the Settlement Agreement and the allocation of the requested Attorneys' Fee Award between Class Counsel described above, I am aware of no agreement made in connection with the proposed Settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 3, 2026 in Miami, Florida.

/s/ Adrian Gucovschi
Adrian Gucovschi